67330. CITY OF ROSSVILLE v. BRITTON et al.

Pope, Judge.

Charles L. and Velda Britton brought this negligence action against Rossville Apartments Company, a partnership; City Housing Corporation, managing agent for the partnership; and others. The partnership and the managing agent filed a third-party complaint against the City of Rossville. The City brings this interlocutory appeal from the denial of its motion for summary judgment.

1. As a preliminary matter, we note that the City, in addition to seeking review of the denial of summary judgment entered on May 23, 1983, also enumerates as error the denial of a motion to dismiss entered on August 18, 1982. However, because our holding in Division 2 of this opinion relating to the motion for summary judgment is dispositive of the case, we do not reach the merits of the issues raised in the earlier motion to dismiss.

2. The Brittons' complaint alleges that their minor daughter was injured on May 6, 1979 when a metal trash container or dumpster fell on her left foot on the apartment premises owned by the partnership and managed by the managing agent. Damages are sought for medical expenses and loss of services of the child. The third-party complaint alleges that employees of the third-party plaintiffs had removed the subject dumpster from service prior to May 4, 1979. This had been accomplished by having the City place the dumpster over the curb onto the grass, where the resident manager of the apartments had two men tip the dumpster over on its top. On May 4 employees of the

City came to the apartment premises and returned the dumpster to service by turning it right-side-up using a garbage truck. As the basis for liability the third-party complaint asserts that the subject injury occurred through the ownership and use of a motor vehicle and that the City waived sovereign immunity by virtue of its purchase of automobile liability insurance. See OCGA § 33-24-51.

It is well settled that removal of garbage from residences by a municipality is a governmental function in the performance of which it incurs no liability for the negligent acts of its officers and employees. *Ethridge v. City of Lavonia*, 101 Ga. App. 190 (1) (112 SE2d 822) (1960). However, OCGA § 33-24-51 provides: "(a) A municipal corporation . . . is authorized in its discretion to secure and provide insurance to cover liability for damages on account of bodily injury . . . to any person . . . arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation . . . whether in a governmental undertaking or not . . . . (b) Whenever a municipal corporation . . . shall purchase the insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly authorized . . . employee in the performance of his official duties, its governmental immunity shall be waived to the extent of the amount of insurance so purchased. [T]he municipal corporation . . . shall [not] plead governmental immunity as a defense; and the municipal corporation . . . may make only those defenses which could be made if the insured were a private person." The record discloses that the City purchased such a policy which provided for payment of medical expenses, etc. "incurred with respect to bodily injury sustained by an eligible injured person and caused by an accident arising out of the operation, maintenance or use of a motor vehicle as a vehicle." As is pertinent here, the policy provided the following definitions: " 'eligible injured person' means . . . any . . . person who sustains bodily injury while occupying, or while a pedestrian as a result of being struck by, the insured motor vehicle; . . . 'occupying' means in or upon, or engaged in the immediate act of entering into or alighting from . . . ."

The negligence of the City's employees alleged in this case amounts to what is asserted to be an error in judgment in leaving the dumpster in an upright position (presumably after emptying it) rather than tipping it over on its front or back. There is no claim that there was any improper driving or negligent handling of the garbage truck itself. As noted previously, the injury to the Brittons' minor child occurred on May 6, 1979. The City's employees were alleged to have left the dumpster in an upright position on May 4. Thus, there is no evidence of record showing the injured child to be an "eligible injured person" entitled to coverage under the plain and unambiguous terms of the subject insurance policy.

Furthermore, we find no evidence of record to support third-party plaintiffs' contention that the subject injury arose out of the City's "use" of the garbage truck. " 'The contracting parties plainly contemplated an accident immediately identified with the . . . maintenance, use, or operation of the vehicle; . . . the mishap which befell [the Brittons' minor child] does not fall into that category. The natural or ordinary sense of such words is not inclusive of the service of which the injury was the direct emanation; and in the ascertainment of the common intention, the normal significance of words both singly and in collocation is adhered to, unless a special meaning is shown by the circumstances. [Cit.] These words are plain and unambiguous, and delimit with understandable certainty the liability imposed upon the insurer. They relate to the vehicle itself, and exclude acts that are only remotely connected with its . . . maintenance, use, or operation. A construction that would include within the coverage of a clause so phrased the thing . . . done [two days before] this accident happened would impart to it an artificial meaning at variance with the apparent intention of the parties. . . .' " (Punctuation omitted.) *American Cas. Co. v. Fisher*, 195 Ga. 136, 141-2 (23 SE2d 395) (1942). Cf. *Hartford Acc. &c. Co. v. Booker*, 140 Ga. App. 3 (230 SE2d 70) (1976); Pavlik v. St. Paul Mercury Ins. Co., 291 F2d 124 (7th Cir. 1961). Compare *Mitchell v. City of St. Marys*, 155 Ga. App. 642 (271 SE2d 895) (1980), wherein this court held that damages which occurred when a truck being used by the City of St. Marys was spraying insecticide for mosquito eradication were injuries arising by reason of the "use" of that truck.

The facts of record relating to the injury to the Brittons' minor child were essentially without dispute. Therefore, the only issue presented to the trial court was a matter of law — whether or not the subject injury was covered under the City's motor vehicle liability policy. The plain and unambiguous language of the policy did not provide coverage for an injury such as that to the Brittons' minor child. Accordingly, the trial court erred in denying the City's motion for summary judgment. Cf. *Ga. Carpet Express v. Travelers Indem. Co.*, 148 Ga. App. 603 (252 SE2d 17) (1979).

3. We note finally that the City also purchased a general liability insurance policy which provided coverage for "Garbage, Ashes or Refuse Collecting — including completed operations." The subject injury might well be covered under this policy. However, in the absence of statutory authority limiting the application of the provisions of OCGA § 36-33-1 et seq., the procurement of this insurance by the City did not constitute a waiver of the defense of sovereign immunity insofar as this defense bars recovery for damages caused by the performance of a governmental function in a negligent manner. *Winston v. City of Austell*, 123 Ga. App. 183 (2) (179 SE2d 665) (1971); see

4

*Revels v. Tift County*, 235 Ga. 333 (4) (219 SE2d 445) (1975).
*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 27, 1984.

Frank M. Gleason, John W. Davis, Jr., for appellant.
David W. Noblit, Larry D. Ruskaup, R. Stephen Tingle, Michael
M. Raulston, for appellees.