72418. LYLES v. FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT.
(346 SE2d 585)

SOGNIER, Judge.

George Lyles brought this action against Fire & Casualty Insurance Company of Connecticut (F & C) seeking no-fault benefits under an automobile insurance policy issued by F & C to Ruthie Lee Lattimore. The trial court granted summary judgment in favor of F & C. Lyles appeals.

Appellee issued an insurance policy to Lattimore based on her application requesting coverage for two cars, designating herself as applicant and naming appellant as an additional driver. Thereafter, Lattimore requested that appellee's agent eliminate coverage under

her insurance contract with appellee for one of the cars and eliminate appellant's status as an additional driver. Lattimore's policy was amended accordingly. Subsequently, appellant was injured in an automobile accident while driving the car that had been deleted from Lattimore's policy and sought coverage which appellee denied.

Appellant contends the trial court erred by granting summary judgment against him because questions of fact remain as to appellee's liability to appellant under the insurance policy. "An action on a policy of insurance . . . must be brought in the name of the holder of the legal title thereto. [Cits.]." *Westbrook v. Nationwide Ins. Co.*, 113 Ga. App. 299, 302 (147 SE2d 819) (1966). See also *Republic Ins. Co. v. Chapman*, 146 Ga. App. 719, 720 (2) (247 SE2d 156) (1978). We find no merit in appellant's argument that appellee is liable under the policy because appellant paid appellee's agent for the policy and because the parties understood that appellant was to be a named insured under the policy. It is uncontroverted that Lattimore is the only named insured listed in the subject insurance policy and no attempt has been made to seek equitable reformation of the contract. *Westbrook*, supra at 302. Nor do we find merit to appellant's argument based upon OCGA § 33-24-45 (d) which relates to the notice required to be given to a named insured prior to cancellation of an insurance policy. This code section is not applicable to the facts of this case. Appellant is not a named insured under the policy sued on, and as a matter of law he was not entitled to maintain an action against appellee on the policy. The trial court did not err by granting summary judgment in favor of appellee. See generally *City of Rossville v. Britton*, 170 Ga. App. 1, 3 (2) (316 SE2d 16) (1984).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 19, 1986.

*John W. Sheffield III*, for appellant.
*John M. Stephenson*, for appellee.