A90A1781. 944, INC. v. GEORGIA STATE BANK.
(403 SE2d 466)

BIRDSONG, Presiding Judge.

Appellant, 944, Inc., asserts that the trial court erred by granting summary judgment to the Georgia State Bank ("the bank"). This appeal concerns the authority of 944, Inc. to bring the action against the bank.

The record shows that 944, Inc., and Lawson Johnson and his corporation, Estate Liquidation Services, Inc. ("Estate Liquidation"), entered into a joint venture to rehabilitate real property. Pursuant to

the joint venture, they bought property, obtained a construction loan for the property from the bank, and opened a checking account at the bank to receive the funds. The account, however, was opened only in the name of Estate Liquidation.

The record shows that the signature card for the account required two signatures on each check to authorize payment: one by Johnson and the other by a designated representative of 944, Inc. Nevertheless, the bank honored checks signed by Johnson without the signature of the representative of 944, Inc.

According to 944, Inc., payment of these checks depleted the funds available to complete the joint venture's project, and ultimately, the bank began foreclosure on the construction loan. After two lawsuits to recover directly from the bank in its own name were unsuccessful, 944, Inc. filed the present action styled 944, Inc. a/k/a Estate Liquidation Services, Inc. and as successor in interest thereto.

The bank moved for and was granted summary judgment. The motion contended that 944, Inc. lacked standing to sue the bank because it lacked privity of contract with the bank because the Estate Liquidation, as owner of the checking account, was the proper party to assert any claims for the honoring of the check, and because Estate Liquidation had released its claims against the bank. *Held*:

1. "In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. [Cits.]" *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843). As a defendant moving for summary judgment, the bank had the burden of showing that there are no genuine issues of material fact and that it was entitled to judgment as a matter of law (OCGA § 9-11-56 (c)), of piercing the pleadings of 944, Inc. by affirmatively negating at least one of the essential elements of the complaint (*Corbitt v. Harris*, 182 Ga. App. 81 (354 SE2d 637)), and establishing, as a matter of law, that 944, Inc. cannot recover under any theory fairly drawn from the pleadings and evidence. *Reed v. Adventist Health Systems &c.*, 181 Ga. App. 750, 752 (353 SE2d 523).

Here, the bank had the burden of establishing that 944, Inc. had no interest in the checking account and it attempted to do so through the signature card. Review of the record shows that the entire contract establishing the rights of the parties concerning the checking account is contained on the signature card. See *Federal Deposit Ins. Corp. v. West*, 244 Ga. 396, 399 (260 SE2d 89). Although the signature card shows that the checking account was opened in the name of Estate Liquidation, the card also shows that checks on the account were required to have two signatures, one of which the card shows was a representative of 944, Inc. Therefore, construing the evidence as

we must and giving 944, Inc. the benefit of all inferences and reasonable doubts, the signature card shows that 944, Inc. had an interest in the checking account sufficient to support the theory of at least the existence of an implied trust involving the bank and 944, Inc. See OCGA § 53-12-22; *American Nat. Bank v. Fidelity Co.*, 129 Ga. 126 (58 SE 867). Therefore, the bank failed to meet its burden, and the trial court erred by granting summary judgment.

As noted in *Winn-Dixie &c. v. Ramey*, 186 Ga. App. 257 (366 SE2d 785) however, an evidentiary posture which might authorize the grant of a motion for a directed verdict might not authorize the grant of summary judgment since at trial the movant for summary judgment will not have the burden of proof.

2. Accordingly, in view of our disposition of the first enumeration of error, we need not address the legal effects of the release obtained by the bank and the default judgment obtained by 944, Inc.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 8, 1991.

*Tobin & Hoffspiegel, Thomas W. Tobin, Leonard L. Franco*, for appellant.

*Richard A. Gordon, Johnson & Montgomery, Nisbet S. Kendrick III*, for appellee.