A93A2000. MOORE v. FOOD ASSOCIATES, INC.
(437 SE2d 832)

BIRDSONG, Presiding Judge.

Florrie Moore appeals the grant of summary judgment to appellee Food Associates, Inc. d/b/a Kentucky Fried Chicken in this slip and fall case. Appellant Moore contends she slipped and fell on a wet floor outside of the toilet stall area of the ladies' rest room in appel-

lee's restaurant. She contends her fall was caused by the accumulation of moisture because appellee mopped the rest room on the evening before and allowed the air conditioning system to remain on overnight. Appellee contends she was the first person to enter the rest room on the morning of the incident. She contends a policeman who examined the area after her fall discovered that the floor was damp because of moisture from the air conditioner.

Appellee/defendant contends the judgment of the trial court was correct, as appellee did not have superior knowledge of the allegedly hazardous condition in its restaurant rest rooms. Appellee's assistant manager testified that she had inspected the rest room before the store opened at 10:30 a.m. and discovered no moisture on the floor outside the toilet stalls. Appellee also contends that a periodic inspection made no more than 15 minutes before appellant's fall disclosed no moisture on the floor where appellant contends there was moisture. *Held*:

On a defendant's motion for summary judgment, the evidence is construed in the respondent's favor; the respondent is given the benefit of all doubts and all reasonable inferences therefrom are indulged in her favor. The burden is on the movant to show that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *Rivergate Corp. v. BCCP Enterprises*, 198 Ga. App. 761, 762 (403 SE2d 65). Where the movant fails in that burden, the grant of summary judgment is error. *944, Inc. v. Ga. State Bank*, 198 Ga. App. 893, 894 (403 SE2d 466). But where the movant carries this burden, the respondent may not rest on her pleadings but must put forth evidence showing actual issues for trial. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

In support of its judgment, appellee contends the standard of review of a grant of summary judgment is whether there is any evidence to support it, and that the appellate court does not perform a de novo review of the evidence. Appellee's contention is patently incorrect. It is well established that on appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. See *944, Inc.*, supra. This requires a de novo review of the evidence. A trial court's conclusion that no genuine issue of material fact remains and that the party is entitled to judgment as a matter of law cannot be upheld merely on the basis that there was some evidence to support that conclusion, for there is no such thing as "any evidence" or "some evidence" that no genuine issues of material fact remain and that the party is entitled to judgment as a matter of law. *Hoffman v. Atlanta Gas Light Co.*, 206 Ga. App. 727, 728-729 (426 SE2d 387).

To prevail in a suit for damages against a proprietor for injury

caused by a defective or unsafe condition on premises, the plaintiff must show a defect of which the proprietor had superior knowledge; there is no liability for resulting injury where the invitee has as much knowledge as the proprietor does. *Young v. YMCA &c.*, 204 Ga. App. 224, 225 (419 SE2d 97). It is not enough for the plaintiff to say that she did not see the dangerous condition and that the defendant must have known it was there. The customer must exercise ordinary care for her own safety, and by the same degree of care, avoid the merchant's negligence after it becomes apparent to her or in the exercise of ordinary care in discovering and avoiding those things that might cause hurt to her. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). Appellant alleges that there was moisture in the rest room inside the toilet stalls, on the walls, and where she fell. Employees of appellee state that an inspection was made 15 minutes prior to appellant's falling and no evidence of any moisture was seen. Plaintiff cites us to no evidence as to why she could not have seen or discovered any purported moisture on the floor. She says she did not see it, but she does not suggest the reason why. Her failure to see the moisture, which she says was on the floor, was caused as likely by her inattention as by any other cause. We cannot speculate when there is no evidence cited to us, and neither can the jury. The mere existence of a dangerous condition does not render the proprietor liable, for the proprietor is not a guarantor of the invitee's safety. *Alterman Foods*, supra at 622. Appellant, having failed to cite to us any evidence that she exercised ordinary care for her own safety, must suffer the summary judgment against her.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 4, 1993.

*Jones, Boykin & Associates, Harold J. Cronk*, for appellant.

*Painter, Ratterree & Bart, R. Clay Ratterree, Catherine N. Clutter*, for appellee.