## A94A0512. SPARTAN FOOD SYSTEMS v. WILLIAMS.

(442 SE2d 489)

BIRDSONG, Presiding Judge.

We granted this interlocutory appeal to consider the trial court's denial of the motion for summary judgment filed by Spartan Food Systems, Division of T W Services, Inc., in a slip and fall case brought by Gwendolyn Williams.

Williams alleges that she was having lunch in a Quincy's restaurant owned and operated by Spartan in Dublin, Georgia, and, while walking next to a salad bar, she slipped and fell on a foreign substance on the floor. Williams contends she was distracted by the items on the salad bar and that after her fall, Spartan's employee told her that the substance on the floor was salad dressing.

Spartan contends, however, that the trial court erred by denying summary judgment because there was no evidence that it had actual or constructive knowledge of the substance on the floor, that its employee regularly checked the salad bar area for objects on the floor, and that Williams admitted that the substance was not visible to the naked eye. Williams asserts, however, that Spartan did not make a reasonable effort to discover substances on the floor and did not take reasonable efforts to protect business invitees.

After the trial court denied Spartan's motion for summary judgment, this appeal followed. *Held*:

To state a cause of action in this case, Williams must show that Spartan had actual or constructive knowledge of the substance on the floor and either she had no knowledge of the substance or for some reason attributable to Spartan she was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). Because Williams acknowledged in the proceedings that she was advancing on the theory that Spartan had constructive knowledge of the substance on the floor since she had no evidence to show that Spartan had actual knowledge of the substance, Williams was required to show the foreign substance was on the floor for a sufficient length of time for knowledge of it to be imputed to Spartan. Williams also admitted that she had no knowledge how long the substance may have been on the floor and did not know how the substance came to be on the floor. Williams further acknowledged that the substance on the floor was not visible to the naked eye. Affidavits of Williams and her sister, who was her companion that day, stated they saw one of Spartan's employees walking around the salad bar and the employee appeared to be keeping the area neat and replenishing the food and also stated that they did not see the employee mop, sweep, or wipe the floor. These statements, however, do not conflict with the employee's affidavit which stated that part of her responsibilities was to check continually the floor around the salad bar

for food and other foreign substances, and she saw no such substances in the area that day. See *Foodmax v. Terry*, 210 Ga. App. 511, 512 (436 SE2d 725).

Although Williams' deposition testimony stated that Spartan's employee told her after her fall that Williams had fallen on a small spot of salad dressing that she had cleaned up, this after-the-fact evidence does not prove anything about Spartan's knowledge, or lack thereof, about the substance on the floor prior to the fall. If in fact there was a substance on the floor, there is no evidence as to whether the substance was on the floor for fifteen seconds before the fall or two hours before the fall.

Under our law, "[t]o prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Therefore, Williams' contention that Spartan had the burden of disproving its superior knowledge is without merit.

In this appeal, it is apparent from the record that Williams has produced no evidence that Spartan had any knowledge of the substance on the floor. Accordingly, as she has failed to carry her burden on one of the essential elements of her claim (*Moore v. Food Assoc.*, 210 Ga. App. 780, 782 (437 SE2d 832)), her claim tumbles like a house of cards (*Lau's Corp. v. Haskins*, supra), and the trial court erred by denying Spartan's motion for summary judgment. *Foodmax v. Terry*, supra.

Further, the "distraction doctrine" provides no assistance to Williams' claims because, at best, this distraction was self-induced (*Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 378-379 (124 SE2d 688)), and she claims to have been distracted by the very activity that brought her to the restaurant. *Manheim Svcs. Corp. v. Connell*, 153 Ga. App. 533, 534 (265 SE2d 862). Therefore, this doctrine does not apply in this instance.

Consequently, the trial court's order must be reversed, and the case remanded to the trial court with direction that summary judgment be entered for Spartan.

*Judgment reversed with direction. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 30, 1994.

*McLain & Merritt, William S. Sutton*, for appellant.
*Lane, O'Brien, Caswell & Taylor, Richard T. Taylor, Harold D. McLendon*, for appellee.