S94A1851. THOMPSON v. BEARDEN.

(453 SE2d 20)

THOMPSON, Justice.

J. P. and Pearl Moore conveyed certain real property to Dan and Mary Bearden via warranty deed. The total purchase price of the property was $5,500. The Beardens made a down payment of $2,500 and agreed to pay the balance in monthly installments of $40.

Dorse Bearden, Dan's brother, lived with the Beardens on the property. He gave Dan $40 per month until the balance due was paid.

The Beardens died (within one week of each other) intestate, thirty years after they purchased the property. Dorse claimed he was

---

entitled to the property pursuant to a resulting trust. The administratrix of the Beardens' estates disagreed and the case was tried by a jury.

At trial, Dorse testified that Dan made the $2,500 down payment and he paid the balance in installments of $40 per month. Asked if he contributed anything toward the down payment, Dorse replied that he did not.

The jury awarded the property to Dorse and judgment was entered accordingly. The administratrix moved for a judgment notwithstanding the verdict, or in the alternative, for a new trial. The motion was denied and the administratrix appeals, asserting the evidence is insufficient to support the verdict. We agree and reverse.

1. At the outset it should be noted that the law favors title to realty being evidenced by written instruments. [Cits.] Conversely, the law does not favor title to realty being evidenced by parol agreements, including parol resulting trusts. Parol trusts claimed after the death of the alleged trustee are particularly not favored. For the foregoing reasons the law requires that resulting trusts be shown by clear and convincing proof. [Cits.]

*Freeman v. Saxton*, 243 Ga. 571, 572 (255 SE2d 28) (1979).

2. In order to set up . . . an implied resulting trust in favor of one paying the purchase-money where the title is placed in another, it is indispensable that it be shown that the purchase-price was paid by the beneficiary of the trust at or before the time the conveyance was made, or that it be shown, other than by a void parol agreement, that it was the intent and purpose of the parties *at the time the conveyance was made* that the one claiming the benefit of the trust should pay the purchase-money in conformity with such original intent and purpose of the parties.

*Loggins v. Daves*, 201 Ga. 628 (4) (40 SE2d 520) (1946).

3. Inasmuch as Dorse failed to demonstrate that he contributed any money toward the purchase of the property at the time the conveyance was made, or that it was the intent and purpose of the parties to create a trust at that time, he cannot claim the benefit of a resulting trust. Id.; *Hall v. Higgison*, 222 Ga. 373, 376 (149 SE2d 808) (1966). The fact that Dorse made the subsequent installment payments does not support a contrary conclusion. *Loggins v. Daves*, supra at 629.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 13, 1995.

*Clifton M. Patty, Jr.,* for appellant.
*John O. Wiggins,* for appellee.