A95A1887. DOLLY GRIFFIN & ASSOCIATES, INC.
v. INTERNATIONAL INDEMNITY COMPANY.
(469 SE2d 464)

McMURRAY, Presiding Judge.

This declaratory judgment action was filed by plaintiff International Indemnity Company in order to determine whether it owed any defense to defendant Dolly Griffin & Associates, Inc. ("Dolly Griffin"), in a certain personal injury action. Plaintiff issued an automobile insurance policy covering a certain tractor, of the type used to pull trailers on the road, operated by Dolly Griffin. In the personal injury action, Berrey sought damages for injuries which occurred on January 17, 1992, when he drove into a parked trailer which he maintains was negligently parked on the roadway by Dolly Griffin. Plaintiff alleged that no coverage was provided under the policy which is

applicable to Berrey's collision with the parked trailer, but that it was in a position of uncertainty due to Dolly Griffin's demand for coverage. CSX Transportation, Inc. was named as a defendant in the personal injury action and alleged to be the owner of the trailer, and is also a defendant, along with Berrey, in this declaratory judgment action.

The evidence developed during discovery shows that the trailer was not owned by Dolly Griffin, and that the trailer was placed on the roadway by Dolly Griffin via the use of the insured tractor. But the tractor was not attached to the trailer at the time of the collision.

Dolly Griffin appeals the grant of summary judgment in favor of plaintiff. While several portions of the insurance policy issued by plaintiff are discussèd in the superior court order, only one is relevant to the issues argued on appeal. *Held*:

The insurance policy provides that plaintiff will pay the personal injury liability of the insured "resulting from the . . . use of a covered auto." As acknowledged in the superior court order the exact definition of the term "use" is elusive. In *Kicklighter v. Allstate Ins. Co.*, 175 Ga. App. 586, 590 (333 SE2d 670), this Court reiterated that it has adopted a liberal definition of "use," and noted that this definition extends at least to some point beyond actual physical contact and depends on the factual context of each case.

Under this view, a claim against Dolly Griffin based on the negligent use of the tractor in parking the trailer might remain viable for some interval of time after the trailer is disconnected from the tractor. (By way of comparison, the coverage afforded under the policy for a non-owned trailer attached to the insured tractor terminated when the trailer was disconnected.) Yet, even under the most liberal construction of the term "use," the injury for which relief is sought may not encompass an event only remotely connected to the use of the insured vehicle. Thus, in *City of Rossville v. Britton*, 170 Ga. App. 1 (2), 3 (316 SE2d 16), an injury from alleged negligence in leaving a dumpster in an upright position was held to be too remote from the use of the insured vehicle in placing the dumpster two days prior to the injury.

In granting plaintiff's motion for summary judgment, the superior court finds that Berrey's collision with the trailer occurred some 11 days after the trailer was transported by the insured tractor and that the injury was thus too remote from and did not result from the "use" of the insured tractor. The primary assertion raised on appeal by Dolly Griffin is that there is no evidence authorizing the superior court's factual conclusion concerning the length of time the trailer was parked prior to the collision, so that a genuine issue of material fact remains as to the proximity in time, space, and circumstance between the use of the insured tractor and Berrey's injuries. In other

words, Dolly Griffin argues, and correctly so, that whether the collision arose from the use of the insured tractor cannot be determined from the evidence of record.

The factual error may have occurred due to affidavits of Dolly Griffin employees which establish that 11 days prior to the collision, a request to tow a trailer to the scene of the collision was received by Dolly Griffin and instructions given to a driver to perform this task, and that the trailer was subsequently picked up and hauled to the site of the collision. But these affidavits do not reveal when the task was actually accomplished. The complaint in the personal injury action alleges that on the date of the collision, Dolly Griffin "left" a trailer negligently parked in the roadway.

It is black letter law that on consideration of a motion for summary judgment, the evidence must be construed against the movant. The burden is on the movant to show that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *Rivergate Corp. v. BCCP Enterprises,* 198 Ga. App. 761, 762 (403 SE2d 65). Where the movant fails in that burden, the grant of summary judgment is error. *944, Inc. v. Ga. State Bank,* 198 Ga. App. 893, 894 (403 SE2d 466). A genuine issue of material fact remains as to whether the negligent use of the insured tractor to park the trailer is a proximate cause of Berrey's injuries. The record being silent on this issue, the grant of summary judgment was error.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 28, 1996.

*Albert B. Wallace, Stephen B. Wallace II,* for appellant.
*Casey, Gilson & Williams, Sandra Gray, Jeffery R. Nabors, James B. Gurley,* for appellee.