### A98A0696. BLANTON v. WHELAN.
(502 SE2d 746)

BIRDSONG, Presiding Judge.

Roger Blanton appeals the order of the superior court granting summary judgment to Ron Whelan and the denial of Blanton's motion for summary judgment. We affirm.

In April 1975, Whelan borrowed the sum of $34,200 from Standard Federal Savings & Loan Association of Atlanta, which was secured by deed on certain real property situated in Douglas County, Georgia. Repayment was to begin June 1, 1975. On the same day, Whelan borrowed the sum of $9,400 from David Todd, Inc., which was secured by deed on the same tract of property in Douglas County, Georgia. Repayment of this debt was to begin on April 1, 1980. However, this deed contained the following specific language. "This deed is given subject to a prior security deed of even date herewith from Grantor herein to Standard Federal Savings and Loan Association of Atlanta for $ 34,200.00, a default of which occurs in the Standard Federal loan deed will constitute a default in this loan deed." Blanton is transferee of the second note and brought suit seeking repayment.

Blanton asserts the trial court erred in granting appellee's motion for summary judgment based on the expiration of the applicable statute of limitation because Whelan was not obligated to begin repayment until April 1, 1980, and Blanton's predecessor never elected to exercise an optional acceleration clause found in the generic language of Exhibit "B." Blanton's reliance on this clause is misplaced. *Held*:

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Viewed in this light, Whelan executed the promissory note under seal to Standard Federal Savings & Loan Association on April 17, 1975. Also, Whelan signed a second mortgage to Blanton's predecessor, David Todd, Inc., on the same date and the specific language of that note's acceleration clause states, as noted above, a default on the first mortgage would constitute a default on the second mortgage. Whelan defaulted on the first payment due June 1, 1975, and a real estate agent of David Todd, Inc. had Whelan convey the property back in

October 1975. Blanton filed his complaint on June 5, 1995 and Whelan was served with the complaint 18 months later on December 7, 1996. OCGA § 9-3-23 specifies that the statute of limitation on instruments under seal runs for 20 years from the time the cause of action accrues. The trial court correctly found this cause of action to have accrued upon default on June 1, 1975, and no later than October 1975, when David Todd, Inc.'s real estate agent transferred the property back. Hence, when Whelan was served, this cause of action was over 20 years old and therefore barred by the statute of limitation. We cannot conclude that the trial court erred in determining that no genuine issue of material fact remains and that Whelan was entitled to judgment as a matter of law. See *Moore v. Food Assoc.*, 210 Ga. App. 780 (437 SE2d 832) (1993).

2. Blanton also asserts the trial court erred in failing to grant his motion for summary judgment. Because we find the trial court correctly granted Whelan's motion for summary judgment, this enumeration of error is without merit.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 21, 1998.

*Levy & Adams, D. Merrill Adams, Gary A. Moss*, for appellant.
*Kris K. Skaar*, for appellee.