## A08A0289. ROSADO v. ROSADO et al.
### (662 SE2d 761)

JOHNSON, Presiding Judge.

Daniel Rosado filed a complaint in equity in the Superior Court of Cherokee County against his mother, Carmen Rosado, and his sister, Carleen Pengg, in her capacity as trustee of the Carmen Ilia Rosado Trust, seeking to impress an implied trust upon certain real property belonging to his mother so as to give him a 50 percent ownership interest. The defendants moved for summary judgment, which the trial court granted. Daniel Rosado appealed to the Supreme Court of Georgia, which transferred the case to this court after holding that

> the issue on appeal in this case is whether the trial court correctly applied the relevant legal principles to the facts in determining that appellant failed to produce sufficient evidence to support the imposition of a constructive trust, and as the grant or denial of the equitable relief sought was thus merely ancillary to the resolution of the legal issue, this appeal is transferred to the Court of Appeals.

Because we find that the trial judge correctly identified and applied

the legal principles to the undisputed material facts in the record, we affirm.

Pursuant to a sales agreement she entered into in August 1994, Carmen Rosado purchased a house and lot known as 109 Indian Valley Drive in Woodstock, Georgia, from Clarence and Marie McIntosh. The purchase price was $110,000, plus the closing costs. The closing of this sale took place on September 30, 1994, at which time the sellers executed and delivered to Mrs. Rosado a warranty deed transferring title to the property. At closing, Mrs. Rosado paid $24,058.81 in cash, and $88,000 from the proceeds of a purchase money mortgage. With regard to her purchase of this property, the undisputed facts in the record show that Mrs. Rosado was the sole purchaser under the sales agreement, the sole grantee under the warranty deed, the sole grantor on the deed to secure debt delivered to Standard Mortgage Corporation of Georgia in connection with the purchase, and the only person obligated under the $88,000 promissory note which the mortgage secured. Three days after the closing, on October 3, 1994, Mrs. Rosado's son, Daniel Rosado, delivered a check to Mrs. Rosado in the amount of $12,000. On the memo line of this check, a notation indicates the check was for "investment."

Almost eight years later, on March 27, 2002, Mrs. Rosado transferred title to all her real and personal property, including the subject property, into a trust called "The Carmen Ilia Rosado Trust." She named her daughter, Carleen Ileana Rosado, now Carleen Pengg, as trustee. The purpose of the Trust was to provide for her support, maintenance, health care, safety and welfare during the remainder of her life. Sometime in 2004, the subject property was put on the market for sale, apparently to provide liquidity to the Trust to enable it to pay expenses related to Mrs. Rosado's care.

Almost 11 years after Mrs. Rosado purchased the subject property, Daniel Rosado filed the instant action in the Superior Court of Cherokee County, claiming that he and his mother verbally agreed at the time of the purchase of the subject property to acquire and own it as partners. As evidence of this agreement, he points inter alia, to the $12,000 check he delivered to his mother on October 3, 1994. Mrs. Rosado and the Trust answered, denying that Daniel Rosado had any interest of any kind in the subject property, denying any agreement of any kind between Daniel Rosado and his mother regarding the subject property, and denying the existence of any implied trust. Subsequently, Mrs. Rosado and the Trust filed a motion for summary judgment. The trial court granted summary judgment. In its elegantly simple and scholarly order, the trial court held that the undisputed evidence showed that Daniel Rosado had made no contribution to the purchase money at or before the time of conveyance, that the only evidence about any agreement which

might have impressed a resultant trust on the property was Daniel Rosado's affidavit in which he asserted that there was a verbal agreement between himself and his mother that he should enjoy a 50 percent beneficial interest in the property, and that this evidence had no legally probative value because it violated the parol evidence rule. It is from this judgment that Daniel Rosado appeals.

On appeal from the grant of summary judgment, this court applies a de novo standard of review. We look to the evidence in the record to determine whether there are any genuine issues of material fact.[1] Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.[2] A defendant meets this burden by

> showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial.[3]

The trial court accurately recited the controlling principles of law. An implied trust is either a resulting trust or a constructive trust.[4] There has been no claim in this litigation that the implied trust plaintiff seeks to establish here is a "constructive" trust. Therefore, we consider only the issues related to "resulting" trusts.

In pertinent part, OCGA § 53-12-91 provides:

> A resulting trust is a trust implied for the benefit of the settlor or the settlor's successors in interest when it is determined that the settlor did not intend that the holder of the legal title to the trust property also should have the beneficial interest in the property, under any of the following circumstances: . . . (3) A purchase money resulting trust as defined in subsection (a) of Code Section 53-12-92 is established.

OCGA § 53-12-92 (a) provides: "A purchase money resulting trust is a resulting trust implied for the benefit of the person paying consideration for the transfer to another person of legal title to real or personal property." Because Daniel Rosado is the son of Carmen

---

[1] *Moore v. Food Assoc.*, 210 Ga. App. 780 (437 SE2d 832) (1993).

[2] OCGA § 9-11-56 (c).

[3] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[4] OCGA § 53-12-90.

YALE LAW LIBRARY

Rosado, we note that limiting language in subsection (c) of OCGA § 53-12-92 provides that "[i]f the payor of consideration and transferee of the property are . . . parent and child, . . . a gift shall be presumed, but this presumption is rebuttable by clear and convincing evidence."

In the instant case, Daniel Rosado asserts that he and his mother had a verbal partnership agreement under the terms of which he would pay one-half of the purchase money for the subject property, which would be held by them as income producing rental property, that he and his mother would each pay one-half of the expenses associated with ownership, enjoy one-half of any profits, and each would own one-half interest in the property. He further claims that the partnership agreement contemplated that the income from the property would be applied to pay the monthly mortgage payments.

Our Supreme Court consistently has held:

> In order to set up . . . an implied resulting trust in favor of one paying the purchase-money where the title is placed in another, *it is indispensable* that it be shown that the purchase-price was paid by the beneficiary of the trust *at or before* the time the conveyance was made, or that it be shown, *other than by a void parol agreement*, that it was the intent and purpose of the parties *at the time the conveyance was made* that the one claiming the benefit of the trust should pay the purchase-money in conformity with such original intent and purpose of the parties.[5]

Here, it is clear and undisputed that Daniel Rosado did not contribute any money toward the purchase of the property at or before the time the conveyance was made. We therefore look to the record to see whether there is any competent evidence which would create a genuine issue of material fact that it was the intent and purpose of the parties at the time of the conveyance to create an ownership interest in the subject property in Daniel Rosado. As did the trial court below, we find there is none other than inadmissible parol evidence, which has no probative value. Therefore, we hold that the trial court correctly granted summary judgment to the defendants.

---

[5] (Citation and punctuation omitted; emphasis in original and supplied.) *Thompson v. Bearden*, 265 Ga. 16, 17 (2) (453 SE2d 20) (1995). See also *Loggins v. Daves*, 201 Ga. 628 (4) (40 SE2d 520) (1946).

In light of this holding, we need not go further to evaluate the record to determine if there is sufficient evidence to overcome the presumption established by OCGA § 53-12-92 (c) that any money contributed by Daniel Rosado after the transaction was a gift.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED MAY 23, 2008.

*Barry W. Bishop*, for appellant.

*Flint & Connolly, Douglas H. Flint, David L. Walker, Jr.*, for appellees.