*Wilson, Strickland & Benson, Frank B. Strickland, Mary M. Brockington, Anne W. Lewis*, for appellant.
*Bishop & McElyea, Barry W. Bishop*, for appellee.

A92A1399. YEAPLE v. GRAND UNION COMPANY.
(427 SE2d 13)

COOPER, Judge.

Appellant was injured when she fell in the produce section of appellee's grocery store. Appellant was maneuvering her shopping cart narrowly around a display table and slipped on a piece of fruit which was squashed on the floor. Appellant's negligence action was tried before a jury, and she appeals from the entry of judgment on the jury's verdict in favor of appellee. In her sole enumeration of error, appellant contends the trial court erred in failing to charge on legal distraction.

"The distraction theory provides ' "that a plaintiff may be excused from the otherwise required degree of care because of circumstances creating an emergency situation of peril. . . . The doctrine is further broadened to cover situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur." ' [Cit.] Thus, where the plaintiff's

attention is distracted *away* from an obstruction that, in the exercise of ordinary care for his own safety, he otherwise could and would have seen and avoided, he can still recover. [Cit.]" (Emphasis in original.) *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 855 (1) (360 SE2d 415) (1987). Appellant contends her attention was distracted from her lookout toward the floor by her attempt to maneuver the cart around the display table. However, at trial appellant testified that she was not distracted by anything in the store but was only trying to push her cart around the corner of the table through a narrow passage and slipped on a piece of fruit which she did not see prior to her fall. " 'One valid line of distinction existing in the so-called "distraction" cases concerns the cause of the distraction. Where the distraction is self-induced the plaintiff can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence.' " *Stenhouse v. Winn Dixie Stores*, 147 Ga. App. 473, 475 (249 SE2d 276) (1978). Appellant's own testimony reveals that she was not unfamiliar with the layout of the store and the placement of the display table in the produce section, having shopped there for 18 years. Thus, any distraction was not the placement of the display tables but was appellant's own handling of her shopping cart. Despite the fact she was pushing the cart, it was still " 'incumbent upon [her], as a matter of law, to use [her] eyesight for the purpose of determining any discernible obstruction or defect in [her] path. (Cits.)' [Cit.]" *Gray v. Alterman Real Estate Corp.*, 196 Ga. App. 239, 240 (396 SE2d 42) (1990). " '[N]ot performing this duty may amount to a failure to exercise ordinary care for one's safety as would bar a recovery for resulting injuries. (Cits.)' [Cit.] Assuming that such a duty did not exist, appellant was authorized to recover. Assuming, however, that such a duty did exist, the evidence does not raise the issue of appellant's possible distraction from its performance. Accordingly, the trial court did not err in refusing to give a charge on the distraction theory. [Cit.]" *Kres*, supra at 856 (1).

*Judgment affirmed. Sognier, C. J., Birdsong, P. J., Beasley and Andrews, JJ., concur. McMurray, P. J., Carley, P. J., Pope and Johnson, JJ., dissent.*

McMurray, Presiding Judge, dissenting.

As I cannot agree with the majority's application in this case of the principles stated in *Stenhouse v. Winn Dixie Stores*, 147 Ga. App. 473 (249 SE2d 276), I respectfully dissent. In my view, a jury could reasonably conclude from the evidence presented at trial that a distraction was caused by appellee's arrangement of the fixtures in its store. While the majority concludes that "any distraction was caused by appellant's handling of her shopping cart," this view focuses on

the effect rather than the cause. Appellant's testimony shows that the reason for her high level of attention to maneuvering the shopping cart, at the expense of not closely watching the floor, was the congested placement of the store's fixtures including a display table. "I started on this way, which this area is a very small area in here to get your cart through, and my only thing that I did, and I can remember this vividly, this is a free standing table with legs on it here, and I had to move this way a little to keep from bumping. My primary thing was get away and go around the table, which I had to do, and at that point, whatever it was was right here, and I moved the cart around the right of the table to get around that. . . . And my foot — well, I didn't know what had happened because the next thing I knew I was going down. . . ."

Appellant's requested charge on the issue of distraction is a correct statement of the law and properly adjusted to the evidence at trial. The trial court's refusal to include the requested charge in its instructions to the jury was harmful error, particularly so since the charge given included the plain view doctrine, and should result in the reversal of the judgment on appeal.

I am authorized to state that Presiding Judge Carley, Judge Pope and Judge Johnson join in this dissent.

DECIDED DECEMBER 1, 1992 —
RECONSIDERATION DENIED DECEMBER 18, 1992 — ▮▮▮▮▮▮▮

*Charles H. Hyatt, John M. Hyatt*, for appellant.
*Sullivan, Hall, Booth & Smith, Alexander H. Booth, Eleanor L. Martel*, for appellee.

