## A95A2156. PAPERA v. TOC RETAIL, INC.
(463 SE2d 61)

BIRDSONG, Presiding Judge.

This is a slip and fall case. Appellant/plaintiff Theresa Papera appeals from the order of the superior court granting summary judgment to appellee TOC Retail, Inc. d/b/a Majik Market.

Appellant was walking from the gasoline pump parking area of Majik Market to the ladies' rest room. Instead of taking a more indirect route and using the sidewalk, she walked near two parked cars and placed one foot upon a curb which was painted neon yellow. She now asserts that as she stepped onto the curb, the shoe heel of her trailing foot became caught in a hole in the pavement causing her to fall. *Held*:

1. The applicable summary judgment standard is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). A movant/defendant must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. Id. at 495. A movant/defendant may discharge his burden by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the non-moving party's case. If the moving party discharges this burden, the non-moving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. Id. at 491.

Summary judgment is appropriate when the court, viewing all the facts and reasonable inferences flowing therefrom in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case. Id. at 495.

2. Appellant submitted evidence by way of affidavit that the hole in the pavement, "although apparent after [her] fall, *was not clearly visible* when considering the time of day, *and dark conditions of the area*, as well as the distraction of yellow paint painted on the raised edge of the nearby sidewalk." (Emphasis supplied.) However, her prior deposition testimony reveals the following inconsistent statements as to condition of visibility and lighting in the vicinity where the hole was located: "There was lighting enough that [appellant] could see the curb"; it was light enough to see the depression or hole. Moreover, appellant testified that she could not recall whether she saw the hole before falling; that she does not recall seeing the hole, as

she was looking at the curb; and that she "may have even seen the hole and been walking . . . just past it." To the extent appellant's affidavit asserts as fact that the hole was not clearly visible because of the time of day and degree of darkness, such evidence is inconsistent with her deposition testimony; no reasonable explanation was offered for this inconsistency. Accordingly, as to this particular evidence, we apply the rule of inconsistent or contradictory testimony from *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). The operative facts of this case are distinguishable from *Sacker v. Perry Realty Svcs.*, 217 Ga. App. 300, 302 (457 SE2d 208), where plaintiff, although looking toward the ground, was prevented by darkness from seeing the ground in front of her.

3. Appellant contends on appeal that she fell when she stepped upon the curb with one foot and her trailing foot either caught upon the side of the hole in the pavement or got stuck therein. However, her deposition testimony contains several contradictions regarding the cause of her fall or whether she even remembers how the fall occurred; there is no reasonable explanation offered for these various inconsistencies. When we subject these unexplained contradictions to the rule of *Prophecy Corp.*, supra, the state of the remaining evidence as to this matter is that appellant does not know exactly how her fall was caused other than she slipped and fell after putting one foot upon the curb. Any other conclusion would be based on pure supposition. Compare *Kenny v. M & M Supermarket*, 183 Ga. App. 225 (358 SE2d 641). " 'Proof of nothing more than the occurrence of plaintiff's fall is insufficient to establish defendant's negligence.' " *Wilson v. Duncan*, 211 Ga. App. 814, 815 (440 SE2d 550); *Lee v. Peacock*, 199 Ga. App. 192 (3) (404 SE2d 473).

Assuming that appellant's testimony was not inconsistent regarding whether she remembered how her fall occurred, the trial court still did not err in granting summary judgment to appellee. By appellant's own admission, the hole in the pavement was not concealed by darkness; it was obvious and was there to be observed by the prudent pedestrian. Broken, missing, or uneven pavement is a static condition which alone is not dangerous until someone steps on or in it. *Gaydos v. Grupe &c. Investors*, 211 Ga. App. 811, 813 (440 SE2d 545); accord *Jeter v. Edwards*, 180 Ga. App. 283 (349 SE2d 28). It is common knowledge that such defects often exist in pavement and other driving surfaces, " 'and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a "static" defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved.' " *Gaydos*, supra. "[Appellant/]plaintiff's assertion that there was nothing about the alleged defect which would have drawn [her] attention to it cannot avail, for it does not appear [from the state of the record] that she ever looked

down. [Cits.] It was incumbent upon her, as a matter of law, to use her eyesight for the purpose of discovering any discernible obstruction or defect in her path. [Cit.] Furthermore, '[w]arnings of . . . condition[s] which are or should be obvious are not required.'" *Emory Univ. v. Duncan*, 182 Ga. App. 326, 329 (355 SE2d 446). The static condition rule is consistent with the basic premise liability rule: " 'The owner or occupier of land is under a duty to invitees to discover and either keep the premises safe from or warn of hidden dangers or defects not observable to such invitees in the exercise of ordinary care. However, there is no duty to warn against obvious or patent dangers which may be observed and avoided by the exercise of ordinary care.' " *Cowan v. Waffle House*, 217 Ga. App. 273, 275 (456 SE2d 762); see also *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291 (435 SE2d 764).

4. Appellant's claim that she was distracted by the yellow painted curb is without merit. Nothing in appellant's deposition testimony or affidavit is adequate to raise a claim that she was actually distracted by the curbing from looking where she was walking; rather, it can reasonably be inferred from her deposition testimony only that of her own volition she was looking at the curbing while she was walking toward it. " ' "One valid line of distinction existing in the so-called 'distraction' cases concerns the cause of the distraction. Where[, as in this case, any existing] distraction is self-induced the plaintiff can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence." ' " *Yeaple v. Grand Union Co.*, 207 Ga. App. 15, 16 (427 SE2d 13). "It was still incumbent upon her, as a matter of law, to use her eyesight for the purpose of determining any discernible obstruction or defect in her path." (Punctuation and emphasis omitted.) Id.

For each above-discussed reason, we find appellant's enumerations of error to be without merit; the trial court did not err in granting summary judgment to appellee. Compare *Sinclair v. Orozco*, 205 Ga. App. 498 (423 SE2d 25).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED OCTOBER 20, 1995.

*Steven M. Youngelson, J. Andrew Ziolo*, for appellant.
*Long, Weinberg, Ansley & Wheeler, John K. Train IV, Alan L. Newman*, for appellee.