A96A0873. INGRAM et al. v. TOCCOA TRIPLE CINEMA, INC.
(474 SE2d 293)

Judge Harold R. Banke.

Phillip Ingram sued Toccoa Triple Cinema, Inc. ("the Cinema") for personal injuries allegedly sustained when he slipped and fell on ice as he left the theater on January 22, 1994. Ingram's wife brought a loss of consortium claim. The Ingrams appeal the summary judgment in favor of the Cinema.

To prevail at summary judgment under OCGA § 9-11-56, the Cinema as the movant must demonstrate that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to Ingram, the non-movant, warrant summary judgment as a matter of law. OCGA § 9-11-56 (c). *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the evidence was as follows.

A winter storm had passed through the Toccoa area about a week before the incident at issue. Weather conditions improved, and

the Cinema was closed for only one day. Ingram, who resided in Carnesville, 25-30 miles southeast of Toccoa, testified that the effects of the winter storm had largely disappeared in his area, having lasted mostly for a day. Ingram and his wife, along with a friend, drove to the Cinema to see a movie. Upon their arrival, he disembarked near the Cinema's front door and did not traverse the parking lot. A Cinema employee, Clayton Leverett, testified that the whole parking lot was wet and that it was generally wet in Toccoa that day. Leverett further testified that although no snow had fallen for several days, there was ice outside on the sidewalk and in the parking lot. Winston Panter, manager and co-owner of the Cinema, testified that it was mostly "wet out front . . . just wet, not frozen" out in front of the building. Although no additional precipitation had fallen for several days, slush appeared each day on the Cinema's front sidewalk as ice or snow melted from the Cinema's awning. Both Leverett and Panter testified that on a daily basis, Leverett swept slush and mess off the sidewalk as it fell from the awning. After slush fell from the awning during the day, it refroze at night. Despite being unable to remove all of the ice and water from the front sidewalk, neither man placed any sand or warning signs, ropes, or barricades on that sidewalk until after Ingram fell.

After the matinee concluded, Ingram exited using a different route from the way he entered the Cinema. As Ingram started down the Cinema's sidewalk, he noticed some ice next to the building and about a foot of ice on the edge of the section of sidewalk contiguous with the parking lot. Attempting to avoid visible ice, Ingram stepped onto what he thought was just a wet area in between the icy sections. As he did so, he slipped, slid, and broke his femur, necessitating the insertion of a metal plate in his leg.

The trial court granted summary judgment determining that Ingram could not recover because he assumed the risk of slipping when he chose to walk on a wet sidewalk adjacent to a patch of ice under cold weather conditions. *Held*:

Ingram contends that the trial court erred in granting summary judgment because material issues of disputed fact remain as to whether he knew of the specific hazard and whether he failed to exercise ordinary care for his own safety. As a general rule, although a proprietor is liable in damages to an invitee for injuries caused by the proprietor's failure to exercise ordinary care in keeping his premises and approaches safe, a plaintiff cannot recover if the plaintiff by exercising ordinary care for his own safety could have avoided the consequences of the proprietor's negligence. See OCGA §§ 51-3-1 and 51-11-7. A finding that a plaintiff is precluded from recovering because of his equal or superior knowledge is essentially a finding that the plaintiff's negligence preponderated in causing the injury.

*Jackson v. Camilla Trading Post*, 218 Ga. App. 164, 168 (460 SE2d 849) (1995).

To establish the Cinema's liability, Ingram had to show that the Cinema had actual or constructive knowledge of the hazard and that he was without knowledge of the hazard or was prevented by the Cinema from discovering it. See *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). The Cinema's knowledge of the presence of some ice on the sidewalk was evidenced by the testimony of Leverett and Panter. Therefore, the case turns on Ingram's knowledge of the risk and whether based on that knowledge he failed to exercise reasonable care for his own safety. "[I]t is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which he observes and avoids." *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (2) (288 SE2d 846) (1982). In this case, Ingram testified that he was looking where he was going when he slipped and that he had not traversed that route prior to entering the theater. Believing he had discovered a safe place to step, he apparently slipped on an invisible patch of ice. Unbeknownst to Ingram, the hazard inherent in the apparently "safe" route was not discoverable until he had already slipped and fallen. See id. at 17 (2) (summary judgment precluded by evidence of the appellee's constructive knowledge combined with appellant's lack of knowledge). These facts fail to demonstrate as a matter of law that Ingram had knowledge of the specific hazard which caused him to fall. Id. at 16; see *Piggly Wiggly Southern v. Brown*, 219 Ga. App. 614, 617 (468 SE2d 387) (1995).

Because at the very least the Cinema had constructive knowledge of the hazard and Ingram lacked knowledge of the specific hazard, it follows that the trial court erroneously granted summary judgment to the Cinema. *Telligman*, 161 Ga. App. at 17. Compare *Bloch v. Herman's Sporting Goods*, 208 Ga. App. 280 (430 SE2d 86) (1993), where plaintiff assumed the risk when she deliberately elected to step into a puddle of what appeared to be water in the midst of ice accumulations despite knowing about local business and school closings due to inclement weather, below freezing temperatures for several days and a light freezing rain falling that particular morning. Id. at 280-281.

Questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection ordinarily are for jury determination except in plain and indisputable cases. *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 295 (322 SE2d 737) (1984). This is not such a case.

*Judgment reversed and remanded for trial. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 5, 1996 —

*Blasingame, Burch, Garrard, Bryant & Ashley, E. Davison Burch, Kim T. Stephens,* for appellants.

*Barnes, Browning, Tanksley & Casurella, Michael K. Jablonski,* for appellee.