A97A0672. ELDER v. CARE-MORE, INC.
(481 SE2d 870)

Judge Harold R. Banke.

Hazel O. Elder sued Care-More, Inc. ("Care-More"), the owner and operator of the Bolingreen Nursing Center to recover for injuries allegedly sustained from a slip and fall on ice near the nursing home entrance. Elder appeals the summary judgment awarded to Care-More.

Viewed in the light most favorable to Elder, the non-movant, the evidence was as follows. On March 13, 1993, a severe winter storm blanketed middle Georgia including the area surrounding Care-More's nursing home. As the storm front thrust through the area it left behind heavy amounts of snow and ice, downed trees, and knocked out electrical power. Because of the inclement weather,

Elder was unable to visit her husband at Care-More's nursing home facility on the day of the storm. That evening, since her inside pipes had frozen and she had lost her electrical power due to downed lines, Elder had an acquaintance drive her to a relative's house. On the next afternoon, Elder and several companions decided to call on her husband. Ice and snow remained on the roads, and the vehicle in which she traveled had to maneuver by keeping its tires in the "ruts" other vehicles created. Elder testified that she personally would not have dared to drive under those conditions. Elder described the winter storm as "one of the worst I've ever seen." While Elder walked through the nursing home parking lot, she noticed snow on the pavement. When Elder neared the entrance, she had to traverse an area heavily shaded by the roof of a double carport that connected to the entrance. Despite her admitted awareness that she knew that ice and snow melt slower in shade, Elder proceeded into the shade without looking down. Just as she stepped into the shaded section, Elder allegedly slipped and fell on a patch of ice. *Held*:

Elder asserts that summary judgment was precluded by the existence of material issues of fact as to whether Care-More had superior knowledge of the presence of ice near its entranceway and failed to take reasonable steps to protect her. We disagree.

To establish liability for a slip and fall due to a foreign substance, a plaintiff must establish that: (1) the defendant had actual or constructive knowledge of the foreign substance, and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). In this case, Elder cannot satisfy prong two of *Ligon*. Elder indisputably was aware of the perilous outdoor wintry conditions. Further, she testified that she observed snow in the nursing home parking lot and admitted she knew that ice melts more slowly in the shade. Elder offered no evidence that Care-More prevented her from discovering the ice or distracted her.

Elder's bare assertion that she did not see the ice before she fell is negated by her admission that she did not look down as she was walking. Elder was obligated to use all of her senses in a reasonable manner to learn of and discover the ice so that she could traverse it safely. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991). See *Moore v. Kroger Co.*, 221 Ga. App. 520, 522 (471 SE2d 916) (1996). It was incumbent upon her to keep a careful lookout, especially given the prevailing adverse conditions. See *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (2) (288 SE2d 846) (1982) (summary judgment foreclosed where plaintiff kept "vigilant lookout" for presence of ice in her path); accord *Ingram v. Toccoa Triple Cinema*, 222 Ga. App. 409 (474 SE2d 293) (1996). Elder's fail-

ure to exercise ordinary care for her own safety as demanded by the inimical weather conditions then existing bars her recovery as a matter of law. *City of Winder v. Girone*, 265 Ga. 723, 724 (2) (462 SE2d 704) (1995) (plaintiff's failure to exercise ordinary care for her own safety bars recovery even if defendant is negligent). To hold otherwise would make Care-More an insurer of Elder's safety. See *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981). This we cannot do.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 18, 1997.

*William A. Adams, Jr.*, for appellant.
*Jones, Cork & Miller, Thomas C. Alexander*, for appellee.