A99A0791. WALLACE et al. v. NISSAN OF UNION CITY, INC.
(524 SE2d 542)

SMITH, Judge.

Lamar E. Wallace and his wife, Mary L. Wallace, sued Nissan of Union City, Inc. ("Nissan") for Lamar Wallace's injuries and for Mary Wallace's loss of consortium after Lamar Wallace slipped and fell on ice in Nissan's car lot while shopping for a vehicle. Finding that Nissan lacked any knowledge of the icy hazard on its premises, the trial court granted summary judgment to Nissan. Wallace contends that the evidence did not authorize that judgment, and we agree. Premises liability cases are not susceptible to summary adjudication except where the evidence is "plain, palpable, and undisputed." *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (493 SE2d 403) (1997). Here, it was not.

When viewed in the light most favorable to Wallace, the nonmovant, the evidence showed the following. On December 20, 1996, Lamar Wallace left home and drove to this Nissan dealership intending to purchase a used pickup truck. Wallace testified that when he arrived at about 11:00 a.m., it was a "brilliant day" and described the weather as "cool." A few days earlier, it had snowed,

and unknown to Wallace, some ice remained on Nissan's lot. According to Wallace, the snow from a few days earlier was gone completely, and neither snow nor ice appeared on the roads or even on the sides of the roads.

As Wallace was inspecting a new truck, Harry Powell, a car salesman, left the sales building to offer help. When Wallace expressed his interest in obtaining a used vehicle, Powell informed him that all the used pickups were on the other side of the building. Powell then escorted him to a different section of the sales lot. While they were walking and as Powell engaged Wallace in conversation, Wallace suddenly slipped and fell on some ice. After landing near the northwest corner of the sales building, Wallace noticed that underneath him was a "thin skim of ice." No cones or salt had been placed in the immediate area of Wallace's fall. Wallace denied seeing any warning cones on Nissan's premises.

In support of its motion for summary judgment, Nissan offered the affidavits of Powell, the salesman assisting Wallace, and Samuel Ajayi, Nissan's sales manager. In his affidavit, Powell admitted that "I was aware of ice accumulations on the sidewalk and around the entrances to the sales building, but did not have knowledge of ice elsewhere on the premises." Powell testified that to the best of his knowledge no one else had slipped or fallen on the premises.

Ajayi testified that it was standard practice "for a member of the service department, who arrives at the dealership first every morning, to inspect the premises and take the necessary precautions to remedy any hazards, or to place adequate warnings to alert customers of same." According to Ajayi, "[t]hat morning, red cones had been placed on the sidewalk and around the entrances to the sales building, where there were apparent ice accumulations. Melting agents were also placed on all visible ice."[1] Ajayi also averred that "[t]o the best of my knowledge, no one had knowledge of the ice that caused Plaintiff's fall."

1. Wallace contends that material issues of disputed fact precluded summary judgment. We agree.

The formation of ice even from natural forces unaffected by human agency "does not preclude examination into the question of whether or not the defendant was negligent in failing to take remedial action." *Fincher v. Fox*, 107 Ga. App. 695, 698 (1) (131 SE2d 651) (1963). Liability for injuries resulting from an invitee's slip and fall on a proprietor's premises is predicated in part upon the relative knowledge of the respective parties as to the condition or hazard

---

[1] Inexplicably, Ajayi's affidavit refers to December 18, 1997, nearly a year after the incident at issue. Similarly, Powell's affidavit refers to events subsequent to a storm occurring on a date almost a year after this incident.

which caused the injuries. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305) (1992). As a general rule, when the plaintiff's knowledge of the hazard equals or exceeds that of the defendant, the plaintiff cannot recover if, by using ordinary care, he could have avoided the consequences of the defendant's negligence. Id.

Here, the threshold inquiry is whether the evidence, when construed most favorably toward Wallace, demonstrates that he had knowledge superior to or equal to that of Nissan as to the icy hazard that precipitated his fall. *Dumas v. Tripps of North Carolina*, 229 Ga. App. 814, 815 (495 SE2d 129) (1997). Although Powell admitted knowing that there were accumulations of ice around the sales building, Wallace denied seeing any ice anywhere that morning. It therefore cannot be said as a matter of law that Wallace had knowledge of this specific hazard that equaled or surpassed that of Nissan. See *Ingram v. Toccoa Triple Cinema*, 222 Ga. App. 409, 411 (474 SE2d 293) (1996); compare *Shansab*, supra at 451 (despite knowing about icy condition, plaintiff nevertheless attempted to cross icy parking deck).

Even assuming that an unnamed employee had inspected the sales lot earlier in the morning, such an inspection would not necessarily foreclose Wallace's recovery. Whether the employee conducted a cursory and inadequate inspection which failed to disclose the ice on which Wallace apparently slipped and whether the ice was discoverable upon a reasonable inspection are issues necessitating jury resolution. See *Davis v. Piedmont Hosp.*, 222 Ga. App. 97, 98-99 (473 SE2d 531) (1996). Similarly, a jury must decide whether Nissan breached its statutory duty under OCGA § 51-3-1 to keep its premises in a reasonably safe condition by negligently conducting that inspection or by failing to warn of the dangerous condition. *Robinson*, supra at 740.

Since no evidence showed that Wallace knew about the ice, Nissan cannot rely upon cases holding that a plaintiff's recovery is foreclosed where the plaintiff had knowledge about inclement weather and icy conditions that was equal to that of the defendant. Compare *Columbus Doctors Hosp. v. Thompson*, 224 Ga. App. 682, 683-684 (482 SE2d 705) (1997); *Elder v. Care-More*, 224 Ga. App. 712, 713 (481 SE2d 870) (1997) (plaintiff knew about perilous wintry conditions and had observed snow on defendant's pavement); *Fisher v. HBS Mgmt.*, 220 Ga. App. 752-753 (469 SE2d 885) (1996); *Westbrook v. M & M Supermarkets*, 203 Ga. App. 345-346 (1) (416 SE2d 857) (1992).

2. Wallace also contends that the trial court failed to consider and properly apply the distraction doctrine. We agree.

[T]he distraction doctrine holds that "one is not bound to the

same degree of care in discovering or apprehending danger in moments of stress or excitement or when the attention has been necessarily diverted." [Cits.] Application of the doctrine has the effect of excusing an invitee from exercising the otherwise required degree of care because of the circumstances created by the purported distraction.

*Robinson,* supra at 744 (2) (a). The distraction theory is not an independent theory of recovery but may operate to excuse or negate a plaintiff's failure to discover the hazard when the source of the distraction is attributable to the defendant. *Alterman Foods v. Ligon,* 246 Ga. 620, 623 (272 SE2d 327) (1980). When an invitee's attention is diverted by the conduct of defendant's employee, a factual issue may arise as to whether the plaintiff failed to exercise reasonable care for his safety for a reason attributable to the defendant. *Robinson,* supra at 746; *Barentine v. Kroger Co.,* 264 Ga. 224, 225 (443 SE2d 485) (1994).

Here, it is undisputed that it was Nissan's employee, Powell, who suggested that Wallace accompany him to walk toward the opposite side of the sales building. At the time of Wallace's fall, Powell and Wallace were engrossed in conversation. Wallace testified "we were looking at each other, as we were talking, walking away." Whether Powell distracted Wallace from discovering the hazard, whether Powell breached a duty to warn Wallace about ice in that vicinity, and whether Wallace did not exercise proper care for his own safety are issues that a jury must decide. See *Redding v. Sinclair Refining Co.,* 105 Ga. App. 375, 379 (2) (124 SE2d 688) (1962); compare *Yeaple v. Grand Union Co.,* 207 Ga. App. 15 (427 SE2d 13) (1992).

*Judgment reversed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 3, 1999.

*Decker & Hallman, Richard P. Decker,* for appellants.
*The Hines Firm, John P. Hines, E. Lee Redfern,* for appellee.