A95A2514. FISHER v. HBS MANAGEMENT, INC. et al.

(469 SE2d 885)

ANDREWS, Judge.

Fisher was injured when he slipped and fell in the common area parking lot at the condominium where he resided. He sued HBS Management, Inc., which managed the property, and the Dunwoody Plantation Homeowners Association, Inc. claiming they negligently failed to keep the parking lot in a safe condition. The trial court granted summary judgment in favor of the defendants and Fisher appeals.

The trial court correctly granted summary judgment in favor of the defendants because there is no evidence they had any actual or constructive knowledge of the slippery condition which caused Fisher to slip and fall.

Fisher deposed that, the night before the accident, he heard a weather forecast that there was going to be an ice storm the next day. At approximately 7:45 a.m. the next morning, he went out on his back porch to check the conditions and saw "very little" ice on part of the porch. At about 11:15 a.m., Fisher went out his front door to check the weather conditions again. This time he testified that the walkway outside his front door leading to the parking lot looked wet. Not knowing whether the wet looking walkway might also be icy, he decided to walk on the grass alongside the walkway to the parking lot to check the conditions there. When he got to the curb at the parking lot area, he testified that the area "just looked wet, but it didn't look icy at all." He stepped off the curb, took one step into the parking lot, and slipped and fell. Although he never saw any ice and did not recall feeling any ice after he fell, Fisher testified that he must have slipped on ice because "[t]here was absolutely nothing there and I've never slipped like that before . . . on anything wet or dry."

Assuming the slippery condition which caused Fisher to slip and fall was invisible ice, there is absolutely no evidence that the defendants had actual or constructive knowledge of the hazard. The only evidence of any visible ice was Fisher's testimony that he saw "very little" on his back porch earlier in the morning. As to the parking lot, there is no evidence that there was any accumulated or visible ice in the area. There is no evidence that anyone else slipped or fell on ice or any other slippery condition in the parking lot or elsewhere in the condominiums. There is no evidence the defendants received any reports of icy or slippery conditions in the parking lot or elsewhere at the condominiums. Although there is evidence the defendants knew

icy conditions had been forecast, the mere forecast of ice was not sufficient to charge the defendants with actual or constructive knowledge of the slippery condition which caused Fisher's fall.

Moreover, if invisible ice caused Fisher's fall, it was naturally occurring ice not attributable to any affirmative action on the part of the defendants. Accordingly, this case is similar to *Auerbach v. Padgett*, 122 Ga. App. 79 (176 SE2d 193) (1970); *McIntyre v. Corporate Property Investors*, 160 Ga. App. 868 (288 SE2d 584) (1982), and *Speaks v. Rouse Co. of Ga.*, 172 Ga. App. 9 (321 SE2d 774) (1984), where the plaintiffs claimed the defendant proprietors negligently failed to discover and remove naturally occurring but invisible ice on which they slipped and fell. In all of those cases, we found the defendant proprietors were entitled to summary judgment based on the rule that the true ground of liability is the proprietor's superior knowledge of the alleged hazard and that recovery is permitted only where the hazard is known to the proprietor and not known to the plaintiff. Here, as in those cases, there was no evidence of accumulations of ice creating an obvious hazard of which the defendants knew or should have known. Accordingly, the defendants had no affirmative duty to remove any possible naturally occurring ice. *Speaks*, supra at 10-11. Since Fisher had equal knowledge of the weather conditions and knowledge at least equal to that of the defendants with respect to the condition of the parking lot, the defendants were entitled to summary judgment. *McIntyre*, supra at 869.

The case of *Martin v. Dunwoody-Shallowford Partners, L. P.*, 217 Ga. App. 559 (458 SE2d 388) (1995), relied upon by the dissent, has no application to the present facts. In that case, there was evidence the proprietor had at least constructive knowledge of the invisible "black ice" on which the plaintiff slipped and fell because it was created by the proprietor's operation of a sprinkler system in freezing temperatures. Id.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I, respectfully, dissent because I believe the case sub judice is controlled by the recent decision in *Martin v. Dunwoody-Shallowford Partners, L. P.*, 217 Ga. App. 559, 560 (2) (458 SE2d 388), where this Court held, under circumstances similar to the incident in the case sub judice, that genuine issues of material fact remain as to whether the proprietor knew or should have known of the danger of transparent ice in its parking lot; whether the plaintiff had knowledge of the hazard because of his prior passage over an icy parking lot, and thus whether plaintiff exercised ordinary care for his own safety. As were

the circumstances in *Martin*, Fisher testified in the case sub judice that he did not see the ice before he fell because it was transparent and, also like *Martin*, there is proof that Fisher's landlord (defendants) knew that an ice storm hit the area the night before the incident in question. It is my view, that these circumstances raise genuine issues of material fact as to whether defendants knew or should have known about transparent ice in their parking lot; whether defendants exercised the requisite degree of care in protecting against dangers associated with the accumulation of transparent ice; whether Fisher had knowledge of the hazard because of his prior passage over the affected area, and thus whether Fisher exercised ordinary care for his own safety.

DECIDED MARCH 15, 1996.

*Roy S. Mullman, Teri D. Alpert*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Robert M. Darroch, Michael E. Hardin*, for appellees.