A96A0272. CLEVELAND v. SNOWDROP PROPERTIES, N.V. et al.
(471 SE2d 542)

RUFFIN, Judge.

On November 23, 1992, Deborah Cleveland suffered a compensable workers' compensation injury while entering the office building where she worked. On November 22, 1994, Cleveland filed a negligence action against the building owner and management company (collectively "Snowdrop Properties"). On May 15, 1995, the trial court granted Snowdrop Properties' motion to dismiss the complaint on the ground that Cleveland's case was time-barred by the one-year statute of limitation contained in former OCGA § 34-9-11.1 (c). Cleveland appealed from that order, arguing that the amended version of OCGA § 34-9-11.1 eliminated the one-year limitation and allowed her to file suit within the statute of limitation applicable to personal injury actions. We agree and reverse.

The issue in this case is controlled by *Vaughn v. Vulcan Materials Co.*, 266 Ga. 163 (465 SE2d 661) (1996). There, our Supreme Court recognized that "[t]he new legislation, enacted April 18, 1995 and effective July 1, 1995, provides that an injured employee must institute a third-party action 'within the applicable statute of limitations.' OCGA § 34-9-11.1 (c). The Legislature further provided that

this revision to the statute would apply retroactively to all injuries occurring on or after July 1, 1992." Id. at 164.

Contrary to the arguments raised by Snowdrop Properties below and on appeal, "[t]here is no vested right in a statute of limitation and a 'legislature may revive a . . . claim which would have been barred by a previous limitation period by enacting a new statute of limitation, without violating our constitutional prohibition against retroactive laws.' [Cits.]" Id. "Accordingly, because [Cleveland's] injury occurred in [November] 1992 and the amendment to OCGA § 34-9-11.1 (c) applies 'retroactively to injuries occurring on or after July 1, 1992,' it controls in the instant case. [Cit.]" Id.

"The applicable statute of limitation in the present case is two years. OCGA § 9-3-33. [Cleveland] thus commenced the present action within the applicable statute of limitation. The trial court's order, predicated on the former version of OCGA § 34-9-11.1 (c), fails to comport with the current version of OCGA § 34-9-11.1 (c) as required by OCGA § 34-9-11.1 (e), with the result that it was error to dismiss [Cleveland's] action as time-barred." Id. at 165.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 16, 1996.

*Paul R. Vancil*, for appellant.
*Swift, Currie, McGhee & Hiers, Robin F. Clark, John W. Campbell*, for appellees.