A96A1846. COLUMBUS DOCTORS HOSPITAL, INC.
v. THOMPSON et al.
(482 SE2d 705)

ANDREWS, Chief Judge.

Sharon Thompson slipped and fell on ice which had naturally accumulated in the parking lot at Columbus Doctors Hospital as a result of a snow storm. She sued the hospital claiming the serious head injury she suffered in the fall was caused by the hospital's failure to exercise ordinary care to keep its premises safe for invitees. Thompson's husband, Thomas Thompson, also sued the hospital for loss of consortium caused by the injury sustained in the fall. We granted the hospital's application for a discretionary appeal from the trial court's denial of its motion for summary judgment.

We conclude that the hospital was entitled to summary judgment in its favor because, even though the evidence shows Thompson could not see the clear ice on which she slipped and fell despite exercising ordinary care for her own safety, there is no evidence that the hospital had any actual or constructive knowledge of the ice which caused the fall.

Thompson slipped and fell in the parking lot of the hospital on Monday morning after she drove there for a medical appointment. On the Saturday prior to that Monday, the entire area had been covered with snow by a major storm. On Monday morning, the weather was clear, but snow was still visible in some areas, and it was still cold. Thompson parked her car in the uncovered upper parking deck at the hospital. She noticed some snow and slush up against the curb on the deck where she parked and a small amount of slush between the parked cars, which she walked around. She walked to the rear of her car, took about three or four more steps, and slipped and fell. She did not see what she slipped on although she was looking where she was walking and down at the surface of the deck. After she fell, she could feel with her hands that she had slipped on a thin sheet of clear ice, even though she still could not see the ice while sitting on it.

All of the evidence shows that the invisible ice on which Thomp-

son slipped and fell was naturally occurring rather than the result of any affirmative action taken by the hospital. The evidence shows that hospital maintenance personnel were aware of the general weather conditions and the presence of some remaining snow and slush on parts of the upper deck, but there is no evidence that they knew about the invisible ice on which Thompson slipped. Although the hospital's director of plant operations testified on deposition that two entrances to the upper parking deck, the north bridge and the west ramp, were closed on Monday morning because of potentially hazardous conditions at those entrances, the third entrance to the upper deck remained open, and the upper parking deck itself remained open at all times. The director of plant operations and one of his employees both deposed that, although there were some visible spots of snow and slush on the upper parking deck on Monday morning, they saw no areas that appeared to be iced over. There is no evidence that anyone else had slipped or fallen on the parking deck prior to Thompson. There is no evidence that the hospital did anything to make the icy condition more dangerous than it was in its natural state of accumulation.

In order to prevail on a claim where the plaintiff invitee alleges that, due to the defendant proprietor's failure to exercise ordinary care to keep the premises safe, she slipped and fell on a foreign substance on the defendant's floor, the plaintiff must demonstrate that the defendant had superior knowledge of the foreign substance — i.e., (1) the defendant had actual or constructive knowledge of the foreign substance, and (2) the plaintiff was without knowledge of the foreign substance or for some reason attributable to the defendant was prevented from discovering it. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980); *Fisher v. HBS Mgmt.*, 220 Ga. App. 752, 753 (469 SE2d 885) (1996). The evidence shows that Thompson, despite exercising reasonable care to watch where she was walking, was unable to discover the invisible ice prior to slipping on it. Accordingly, the issue is whether the hospital had actual or constructive knowledge of the ice which caused the fall.

Although the hospital and Thompson knew that a snow storm had just occurred and it was still cold, knowledge of the generally prevailing hazardous conditions is not sufficient to establish actual or constructive knowledge by the hospital or Thompson of the specific invisible ice hazard on the upper deck which caused the slip and fall. *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (288 SE2d 846) (1982). There is no evidence that the hospital had actual knowledge of the invisible ice hazard on the upper deck, despite evidence that the hospital conducted regular inspections of the premises. Thompson's claim is that, because the hospital failed to discover and remove the invisible ice, it had constructive knowledge of the hazard.

However, where ice accumulated on a premises is naturally occurring and not attributable to any affirmative action on the proprietor's part, the proprietor has no affirmative duty to discover and remove it in the absence of evidence that it had become an obvious hazard by means other than the natural accumulation. *Speaks v. Rouse Co. &c.*, 172 Ga. App. 9, 10-11 (321 SE2d 774) (1984); *Auerbach v. Padgett*, 122 Ga. App. 79, 82-83 (176 SE2d 193) (1970). There is no evidence that the ice which caused Thompson's fall had become such an obvious hazard. Under the circumstances, the hospital had no duty to inspect the premises to find and remove the naturally occurring invisible ice that caused the fall.

Accordingly, there was no basis to conclude that the hospital had actual or constructive knowledge of the ice hazard which caused Thompson's fall. Since the hospital's knowledge of the hazard was no greater than Thompson's, the hospital was entitled to summary judgment. *Fisher*, supra; *Speaks*, supra; *McIntyre v. Corporate Property Investors*, 160 Ga. App. 868 (288 SE2d 584) (1982); *Auerbach*, supra.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 4, 1997 —
RECONSIDERATION DENIED FEBRUARY 17, 1997 — ■

*Tisinger, Tisinger, Vance & Greer, Kevin B. Buice*, for appellant.
*Denney, Pease, Allison & Kirk, John W. Denney, Elizabeth S. Morgan*, for appellees.

