A98A0397. CLEVELAND v. SNOWDROP PROPERTIES, N. V. et al.
(501 SE2d 546)

POPE, Presiding Judge.

Deborah Cleveland slipped and fell on wet leaves as she approached the entrance to the building in which she worked. She sued the building's owner and management company (collectively, "Snowdrop Properties"). This Court reversed an earlier motion dismissing the case. *Cleveland v. Snowdrop Properties*, 221 Ga. App. 448 (471 SE2d 542) (1996). On remand, the trial court granted summary judgment to Snowdrop. We affirm.

This Court reviews de novo the grant of a motion for summary judgment to determine whether the trial court properly found that no material issues of fact existed and that the movant was entitled to judgment as a matter of law. *Moore v. Food Assocs.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). "[T]o recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997).

Cleveland arrived at work around 7:45 a.m. on a Monday morning in November 1992, parked in her usual deck parking area, and descended a flight of steps toward her building. It had rained over the weekend, and as she descended the steps she noticed the sidewalk was covered in two inches of leaves. Additionally, other leaves were blowing around in the fall weather. Cleveland crossed the sidewalk, took a few steps onto the paved brick area, and slipped on what she later determined were five or six wet leaves stuck together. After she fell, she noticed her legs and hands were wet. According to Cleveland, the leaves on which she slipped were not visible against the dark brick. She was aware of the weekend's rain and of the fact that wet leaves are slippery.

Cleveland testified that she did not know how long the leaves had been present. There were no leaves in the area when she left work the previous Friday, and she had not seen fallen leaves in the

vicinity during the two years she worked there. She makes no allegation that any agent of the building's owner or management had actual knowledge of the leaves. While she had in the past seen cleaning crews blowing the walkways in the mornings, she saw no maintenance personnel on the morning she fell.

The evidence shows the wet leaves were the natural result of the fall season and the weekend's rain. Although we find no reported cases involving a slip on a natural accumulation of wet leaves, we find this case analogous to two other types of cases: those involving slips on a business's premises during either rainy or icy weather. For example, in *Columbus Doctors Hosp. v. Thompson*, 224 Ga. App. 682 (482 SE2d 705) (1997), the plaintiff slipped in a hospital parking lot on a Monday following a weekend snowstorm. Although the plaintiff saw snow and slush in the vicinity, she slipped on an invisible patch of ice. No evidence showed the hospital had actual knowledge of the ice hazard. We affirmed the grant of summary judgment to the hospital, holding, "where ice accumulated on a premises is naturally occurring and not attributable to any affirmative action on the proprietor's part, the proprietor has no affirmative duty to discover and remove it in the absence of evidence that it had become an obvious hazard by means other than natural accumulation. [Cit.]" Id. at 684. Accord *Speaks v. Rouse Co.*, 172 Ga. App. 9, 10 (321 SE2d 774) (1994). Similarly, in *Fisher v. HBS Mgmt.*, 220 Ga. App. 752, 753 (469 SE2d 885) (1996), we found the plaintiff could not recover for her fall on ice where she "had equal knowledge of the weather conditions and knowledge at least equal to that of the defendants with respect to the condition of the parking lot. . . . [Cit.]" We have given like treatment to cases in which plaintiffs have fallen near the wet entrance to a building on a rainy day, holding that "when it rains, the ordinary person is aware that water is apt to be found in any area frequented by people coming in from the rain outside." *Roby v. Kroger Co.*, 219 Ga. App. 459, 460 (465 SE2d 496) (1995).

Cleveland does not claim that Snowdrop Properties had actual knowledge of the leaves or that the defendants did anything to cause the leaves to accumulate. Rather, she claims the defendants did not take reasonable measures to discover and remove the fallen leaves. As in *Thompson*, 224 Ga. App. at 684, we find under the circumstances that the property owner or management company had no duty to discover and remove the leaves. Cleveland points to evidence showing that the building owner and its management company had a contract requiring removal of leaves and debris, but "[a]n action in tort cannot be maintained by a third person not privy to the contract for a mere contractual obligation between the defendant and the other contracting party." (Citation and punctuation omitted.) *Westbrook v. M & M Supermarkets,* 203 Ga. App. 345, 346 (2) (416 SE2d 857) (1992).

Moreover, even if Snowdrop Properties had a duty to discover and remove the leaves, no evidence shows it breached that duty because no evidence shows that the wet leaves remained on the paved area "for a sufficient amount of time that they should have been discovered and removed in a reasonable inspection of the premises. . . ." *Johnson v. Autozone,* 219 Ga. App. 390, 393 (465 SE2d 463) (1995).[1] Here, evidence shows the leaves were being blown around by the wind, and no evidence shows how long the leaves on which Cleveland slipped were present. This incident occurred early on a Monday morning, and the leaves had not been present at the end of the previous Friday. As no evidence in the record shows that the wet leaves were on the brick area long enough that a reasonable inspection would have discovered them, Snowdrop cannot be liable on this ground. See *Whisby v. Bruno's Food Stores,* 228 Ga. App. 597, 598 (492 SE2d 338) (1997).

We also reject Cleveland's argument that Snowdrop Properties had superior knowledge of the hazard because it had received prior reports of individuals slipping in the vicinity of the building entrance. A review of the evidence Cleveland provides in support of this argument shows, at best, only that others had slipped or fallen in the area when it was "wet." Cleveland provided no evidence that Snowdrop Properties was aware of the hazard of wet *leaves*, and the evidence shows that Snowdrop's knowledge of that particular hazard was no greater than Cleveland's. See *Thompson*, 224 Ga. App. at 684; *Roby*, 219 Ga. App. at 460.

Cleveland's charge that the use of dark-colored brick in the plaza area was negligent is patently meritless. Although this color of brick may have made the leaves more difficult to see, that factor is not material to our decision here. Were we to accept such a claim, another party could just as easily argue that the use of light-colored paving material is negligent because it makes light-colored foreign substances more difficult to see.

As the trial court properly granted summary judgment to Snowdrop Properties, we affirm its ruling.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED APRIL 8, 1998 —
RECONSIDERATION DENIED MAY 5, 1998 — 

*Paul R. Vancil,* for appellant.

---

[1] This applicable standard of proof on summary judgment is derived from *Lau's Corp. v. Haskins*, 261 Ga. 491 (1) (405 SE2d 474) (1991). Although *Robinson v. Kroger Co.* changed the burdens on motion for summary judgment with regard to proof of the *plaintiff's* negligence, it did not alter the *Lau's Corp.* formula as it applies to proof that the defendant had actual or constructive knowledge of the hazard.

*Swift, Currie, McGhee & Hiers, John W. Campbell, Willie C. Adams*, for appellees.