A00A0593. GILLIAM v. FLETCHER BRIGHT COMPANY.
(535 SE2d 325)

ELLINGTON, Judge.

Jackie Gilliam sued Fletcher Bright Company for injuries received when she slipped and fell in the defendant's parking lot. She appeals from the grant of summary judgment to the defendant. Finding no error, we affirm.

This Court reviews de novo the grant of a motion for summary judgment to determine whether the trial court properly found that no material issues of fact existed and that the movant was entitled to judgment as a matter of law. *Moore v. Food Assocs.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). "(T)o recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735[, 748] (493 SE2d 403) (1997).

*Cleveland v. Snowdrop Properties*, 232 Ga. App. 447 (501 SE2d 546) (1998).

1. In this case, Gilliam's own admissions showed that she had actual or constructive knowledge of the hazard that resulted in her injury. The evidence showed that it had snowed on December 18, 1996, and patches of snow and ice were on the ground and roads the next morning. Gilliam knew the temperature was near freezing. She noticed that her car had ice on it. She used extra care to avoid slippery spots in the driveway as she got into her car to go to work. She drove to a convenience store and noticed snow and ice on the road. It was daylight when Gilliam drove into the defendant's convenience store parking lot, and she observed areas of snow and ice on the lot. She parked to the side of the building and walked around the back of her car. Gilliam then slipped and fell on what she believed to be ice, although she did not observe any ice in the immediate area either before or after the fall.[1]

Accordingly, the evidence presented "plainly, palpably, and indisputably lead[s] to the conclusion" that Gilliam had actual or constructive knowledge of the presence of icy conditions before she left her car to traverse the defendant's parking lot. *Robinson v. Kroger Co.*, 268 Ga. at 743 (1); *Columbus Doctors Hosp. v. Thompson*, 224 Ga. App. 682, 684 (482 SE2d 705) (1997); *Westbrook v. M & M Super-*

---

[1] Assuming that Gilliam slipped on ice, there was no evidence to demonstrate that the presence of the ice was the result of any affirmative action taken by the defendants. See *Columbus Doctors Hosp. v. Thompson*, 224 Ga. App. 682-683 (482 SE2d 705) (1997). Although Gilliam asserted that there was a gutter in the area which may have contributed to the icy conditions, such "evidence" was pure speculation. Gilliam admitted that she did not notice the gutter until weeks after the accident and that she had no knowledge of the gutter's condition on the day she fell. Therefore, such speculation fails to demonstrate that the presence of the gutter made the naturally occurring icy condition more dangerous. See *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996) (speculation which raises merely a possibility is insufficient to create even an inference of fact for consideration on summary judgment).

*markets*, 203 Ga. App. 345, 346 (416 SE2d 857) (1992); cf. *Dumas v. Tripps of N. C.*, 229 Ga. App. 814, 815-816 (1) (495 SE2d 129) (1997) (plaintiff had no reason to anticipate an icy parking lot because there had been no snow or rain in the preceding week). Therefore, the trial court did not err in granting summary judgment to the defendant.

2. Gilliam's remaining contentions are controlled by our decision in Division 1, supra. A grant of summary judgment that is right for any reason must be affirmed. *Bob v. Hardy*, 222 Ga. App. 550, 551 (1) (474 SE2d 658) (1996).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JUNE 1, 2000.

*Michael J. Kramer*, for appellant.

*Dermer, Brown, Rogers & O'Neill, Richard W. Brown*, for appellee.