A00A1499. KAUFFMAN v. EASTERN FOOD & GAS, INC. et al.

(539 SE2d 599)

MILLER, Judge.

After purchasing goods from an Amoco food store, Richard Kauffman walked on the store's sidewalk leading from the store entrance to a waiting vehicle parked only a few feet away in the store's parking lot. He slipped on a three-foot patch of clear ice on the sidewalk, breaking three ribs and injuring his wrist. Alleging negligence, he sued Sam Shariff and Eastern Food & Gas, Inc. as owners of the land and store. The owners moved for summary judgment on the ground that they had no actual or constructive knowledge of the hazard. The trial court agreed, holding that the owners had no duty to discover and remove ice which naturally accumulated on their premises.

The owners presented no evidence of a regular inspection procedure other than a cleaning inspection (not for the purpose of safety) every shift change,[1] which they could not show was actually done on the date in question. Employees were trained to periodically check the premises for safety and, if they saw some ice, to cover it with sand. Or the employees were to close off a dangerous area. Such safety inspections were to be done "randomly" or "as needed," and "more often" in bad weather conditions. Again, the owners produced no evidence or documentation that such occurred on the date of the accident. The question on appeal is whether this evidence mandated summary judgment in their favor. We hold it did not and reverse.

1. First we address what issues are not on appeal. The summary judgment motion rested solely on the argument that the owners lacked actual or constructive knowledge of the ice patch. In its sum-

---

[1] The eight-hour interval would have occurred four and one-half hours before the accident occurred.

mary judgment order, the court expressly noted that the motion did not involve the issue of Kauffman's negligence or knowledge of the ice. "The issue is whether Eastern and Shariff had actual or constructive knowledge of the ice which caused the fall." Thus, in their main appellate briefs all parties focus on this issue.

In a supplemental appellate brief, the appellee-owners cite *Gilliam v. Fletcher Bright Co.*[2] and raise for the first time the issue of Kauffman's negligence and knowledge. Since the summary judgment motion did not assert this as an issue, Kauffman had no reason or obligation to rebut this matter by evidence or argument below.[3] Accordingly, we do not consider the matter.[4]

2. An owner or occupier of land is liable to invitees for injuries caused by his failure to exercise ordinary care in keeping his premises and approaches safe.[5] This duty of ordinary care requires the owner to protect the invitee from unreasonable risks of harm of which the owner has superior knowledge and to inspect the premises to discover possible dangerous conditions of which the owner does not have actual knowledge.[6] To recover for injuries sustained in a slip-and-fall action, therefore, the invitee must prove (1) that the owner had actual or constructive knowledge of the hazard, and (2) that the plaintiff lacked knowledge of the hazard, despite the exercise of ordinary care, due to actions or conditions within the control of the owner.[7] This case focuses on the first prong.

Here there is no evidence that the owners had actual knowledge of the hazard. The question is whether evidence showed that they had constructive knowledge. *Avery v. Cleveland Ave. Motel*[8] explained that the lack of a reasonable inspection procedure evinces constructive knowledge:

Constructive knowledge may be inferred when there is evi-

---

[2] 244 Ga. App. 315, 316 (1) (535 SE2d 325) (2000).

[3] *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995) (no burden on nonmovant to respond to issues not raised in summary judgment motion).

[4] *West v. Briggs & Stratton Corp.*, 244 Ga. App. 840, 848, fn. 14 (536 SE2d 828) (2000); see *Fedeli v. UAP/Ga. Ag. Chem.*, 237 Ga. App. 337, 339 (1) (514 SE2d 684) (1999); *Williams v. EMRO Marketing Co.*, 229 Ga. App. 468 (1) (494 SE2d 218) (1997) (physical precedent only). Moreover, even if we did consider it, Kauffman and his companion both testified that although there had been some light snow earlier in the day which had accumulated on some yards, the streets and the store's parking lot and sidewalks appeared dry and free of ice when Kauffman approached and was at the store. Kauffman took a different route from the truck to the store than he took on his return. Under *Wallace v. Nissan of Union City*, 240 Ga. App. 658, 660 (1) (524 SE2d 542) (1999), summary judgment based on Kauffman's knowledge of the hazard would have been unauthorized.

[5] OCGA § 51-3-1.

[6] *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1) (493 SE2d 403) (1997).

[7] Id. at 748-749 (2) (b).

[8] 239 Ga. App. 644, 645-646 (2) (521 SE2d 668) (1999).

dence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident. . . . Accordingly, the determinative question in this appeal is whether, viewed in the light most favorable to plaintiff, the evidence shows that [the owners] followed reasonable inspection procedures at the time of the incident.[9]

Here the owners only showed that every eight hours a cleaning inspection was to be done, with no regular schedule for performing safety inspections. They produced no testimony or documentation that any inspections were actually done on the day in question. This is hardly plain, palpable, and undisputable proof that reasonable inspection procedures were in place, were actually followed, and were adequate to guard against foreseeable dangers at the time of the accident.[10] Summary judgment was inappropriate.[11]

3. Citing *Columbus Doctors Hosp. v. Thompson*,[12] the owners argue that because the ice was naturally occurring and had not become an obvious hazard, they had no duty to find and remove it. *Dumas v. Tripps of North Carolina, Inc.*,[13] a case involving naturally accumulating ice, distinguished *Columbus Doctors Hosp.* as a case where summary judgment was appropriate because that plaintiff indisputably had actual or constructive knowledge of the ice hazard given the prevailing weather conditions. Here the dry roads and sidewalks do not conclusively put the invitee on notice of naturally accumulating ice on the store's sidewalk. And *Dumas* then went on to hold that an owner is obligated to discover naturally accumulating ice:

[T]he accumulation of naturally occurring ice does not negate an owner's duty to exercise ordinary care in inspecting the premises in every circumstance. Ice forming due to inevitable natural forces unaffected by human agency does

---

[9] (Citation and punctuation omitted.) Id.; accord *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 748 (1) (527 SE2d 36) (2000); *Hartley v. Macon Bacon Tune*, 234 Ga. App. 815, 818 (507 SE2d 259) (1998) (whole court); see generally *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30-31 (1) (500 SE2d 353) (1998) (whole court).

[10] *Burnett v. Ingles Markets*, 236 Ga. App. 865, 867 (514 SE2d 65) (1999).

[11] *Avery*, supra, 239 Ga. App. at 646 (2); *Ingles Markets v. Martin*, 236 Ga. App. 810, 811-813 (513 SE2d 536) (1999); *Straughter*, supra, 232 Ga. App. at 30-31 (1).

[12] 224 Ga. App. 682, 684 (482 SE2d 705) (1997).

[13] 229 Ga. App. 814, 816 (2) (495 SE2d 129) (1997).

not preclude examination into the question of whether or not the defendant was negligent in failing to take remedial action. . . . Absent evidence that [the owner] reasonably inspected the parking lot for defects and that the ice formation was a new defect of which [the owner] had no notice or sufficient time to correct, we cannot say as a matter of law that it complied with its duty to business invitees to keep the premises safe.[14]

For these same reasons, the court erred in granting summary judgment to Shariff and Eastern Food & Gas.

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 22, 2000.

*Johnson & Ward, Bruce A. Maxwell, Clark H. McGehee, William C. Lanham,* for appellant.

*Shivers & Associates, Eric A. Brewton, Swift, Currie, McGhee & Hiers, Thomas J. Mazziotti,* for appellees.

---

[14] (Citations and punctuation omitted.) Id. at 816-817 (2); see *Wallace,* supra, 240 Ga. App. at 659 (1).