## A02A0135. MOORE v. WVL RESTAURANT.
### (566 SE2d 465)

Pope, Presiding Judge.

John G. Moore appeals entry of summary judgment against him in his suit for damages arising out of injuries he sustained falling on ice while departing a Krystal restaurant operated by WVL Restaurant. He contends there are issues of fact.

The undisputed evidence shows that early Sunday morning on February 4, 1996, a sleet and ice storm hit Atlanta including the area where the restaurant was located. Ice covered the parking lot and the area surrounding the restaurant. On Monday, the sky cleared, but it was still very cold and ice was still present in some of those same areas, although some of the ice that had accumulated on Sunday had begun to melt. On that day, Moore and his wife went to Krystal to have lunch. Moore did not have any problem driving on the roads on the way. They parked in the back of the restaurant and approached by using a handicap ramp, which was still in the shade at the time Moore entered the restaurant. Moore did not encounter any ice, salt, sand, or warning signs on his way in. Moore had been to the same Krystal restaurant at least four times and was generally familiar with the layout of the restaurant. After the couple finished lunch, they exited by the same door and walked down the same handicap ramp. In fact, Moore had walked over the same area of the ramp where he fell. On his way down the ramp, while looking straight ahead and not at the ground in front of him, Moore slipped on ice, causing him to fall and injure himself.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

In order to recover for injuries from a slip and fall,

> an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of

ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

Moore contends that WVL had actual knowledge of the hazard but failed to take steps to prevent an accident. The operations manager who came on duty at 7:00 a.m. on the day of the fall realized that the whole parking lot and the sidewalks were "a sheet of ice," and so he salted the sidewalks and the walkways "on the front part of the building, which was the main access to the building." He testified that walking conditions were "very treacherous" everywhere. He chose not to salt near the back entrance because there were few guests coming that day on account of the conditions. But, the manager did not place any signs or other indication at the back door to warn visitors. The restaurant had an hourly inspection procedure that included outdoor areas, but there is no indication that anyone had inspected outside of the back door that morning.

Construed in favor of Moore, these facts show, at a minimum, constructive knowledge that the area around the restaurant was covered with ice. The manager admitted that he had actual knowledge of the ice and that it was everywhere. Although there is no evidence that anyone at the restaurant saw the specific ice on which Moore fell, this blanket knowledge of the ice sheet covering the entire parking lot and other areas outside of the restaurant is sufficient to raise a jury issue as to whether WVL had actual knowledge of this ice. Despite this knowledge, the manager chose not to take steps to safeguard the open back entrance.

Further, there is no evidence that the inspection procedures were followed that morning with regard to the area outside of the back door, which is sufficient to create an issue of fact regarding constructive knowledge. See *Kauffman v. Eastern Food & Gas*, 246 Ga. App. 103, 105 (2) (539 SE2d 599) (2000). The owner's argument that because the ice was naturally occurring, it had no duty to find and remove it is without merit under these circumstances. Id. at 105-106 (3) (that ice occurred naturally does not preclude examination of whether defendant was negligent in failing to take remedial action). *Columbus Doctors Hosp. v. Thompson*, 224 Ga. App. 682 (482 SE2d 705) (1997), is distinguishable on the facts, because in that case the

hospital's employees "saw no areas that appeared to be iced over," despite "regular inspections of the premises." Id. at 683-684.

Although Moore also had knowledge of the conditions that day, construing the evidence in favor of Moore, a jury question exists as to whether the restaurant's knowledge was superior because it knew of the hazard but chose not to take action near the back entrance. See *Wallace v. Nissan of Union City*, 240 Ga. App. 658, 659-660 (1) (524 SE2d 542) (1999). Compare *Gilliam v. Fletcher Bright Co.*, 244 Ga. App. 315, 316 (1) (535 SE2d 325) (2000) (plaintiff observed areas of snow and ice on the parking lot). Furthermore, Moore denied seeing ice on his way into the restaurant, and, even though he passed over the spot where he fell, the ice may have been difficult to see. Therefore it cannot be said as a matter of law that he had knowledge of the specific ice upon which he fell. See *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (2) (288 SE2d 846) (1982) ("it is a plaintiff's knowledge of the *specific* hazard . . . which is determinative") (emphasis in original).

*Judgment reversed. Ruffin and Barnes, JJ., concur.*

DECIDED JUNE 13, 2002.

*Peter M. Blackford, Jr.*, for appellant.
*Benton, Preston & Malcom, Robert M. Malcom*, for appellee.

