## A03A0323. PORTER v. OMNI HOTELS, INC.
### (579 SE2d 68)

PHIPPS, Judge.

Wallace Porter, Jr. sued Omni Hotels, Inc. d/b/a Airport Office Park (Omni) after he slipped and fell on outdoor stairs owned by Omni.[1] The trial court granted summary judgment to Omni, and Porter appeals. Finding no genuine issue of material fact, we affirm.

The record shows that Porter and his uncle, Terry Williams, worked for a business located at the Airport Office Park. On the morning of Monday, September 21, 1998, Porter and Williams drove to work together and parked in a lot that was two levels below the building where they worked. To reach their workplace, they had to climb two flights of outdoor, concrete stairs. The flights were separated by a landing containing a small picnic area. Neither flight of stairs had a handrail.

Williams started up the stairs first, with Porter following a few steps behind. Porter was carrying a newspaper and a bottle of orange juice. As he climbed the first flight of stairs, he noticed leaves and pine straw on the steps. Leaves and pine straw also were present on the second flight of stairs, but Porter testified that he did not see them because he was not looking down. Williams testified that he saw leaves and pine straw on all the steps, that the leaves and pine straw were "easy" to see, and that there were trees shading the steps and picnic area.

On the second or third step of the second flight, Porter slipped, fell forward, and injured his leg. He testified that the cause of his fall was a combination of morning dew, pine straw, and leaves on the steps. He stated that when he had last used the steps, one week before his fall, leaves and pine straw had been present.

Porter's complaint alleged that Omni had acted negligently by (1) failing to keep its premises "free of hazards and reasonably safe" and (2) failing to provide a handrail for the steps on which he fell. Omni moved for summary judgment, arguing that it lacked superior knowledge of the conditions that caused Porter's fall. After a hearing, the trial court granted Omni's motion.

We review a grant of summary judgment de novo to determine whether the trial court properly found that no genuine issues of material fact existed and that the movant was entitled to judgment as a matter of law.[2] To prevail in a slip and fall case, the plaintiff

---

[1] Porter also sued "John Doe," who he alleged was "an unknown entity or person who may have been involved in the maintenance of Defendant Omni Hotel's premises." But Porter apparently failed to ascertain John Doe's true name or develop any concrete allegations against him through discovery.

[2] *Ponder v. Brooks*, 256 Ga. App. 596, 597 (569 SE2d 267) (2002).

must show (1) that the defendant had actual or constructive knowledge of the hazard, and (2) that the plaintiff lacked knowledge of the hazard, despite the exercise of ordinary care, due to actions or conditions within the defendant's control.[3]

1. This case is controlled by *Cleveland v. Snowdrop Properties*[4] and *Flores v. Strickland.*[5] In *Cleveland*, Deborah Cleveland slipped and fell on wet leaves as she descended steps to reach her workplace on a Monday morning in November. She had seen leaves on the sidewalk before reaching the steps, and she knew that it had rained over the weekend. She did not know how long the leaves had been there, and there was no evidence that the defendants (the owner and manager of the building) had actual knowledge of their presence.

We stated that "[t]he evidence shows the wet leaves were the natural result of the fall season and the weekend's rain."[6] We cited cases in which the formation of ice after a snowstorm did not impose on the proprietor any affirmative duty to discover and remove the ice " 'in the absence of [any] evidence that it had become an obvious hazard by means other than natural accumulation.' "[7] Like the plaintiffs in those cases, Cleveland was charged with equal knowledge of the risks associated with walking on wet leaves, and the defendants had no duty to discover and remove the leaves. Accordingly, the trial court properly granted summary judgment to the defendants.

In *Flores*, an apartment tenant sued his landlord after he slipped on leaves on a staircase outside his north Georgia apartment in mid-November. Following *Cleveland*, we affirmed summary judgment for the landlord because the tenant had equal or superior knowledge of the naturally occurring condition.

As in *Cleveland* and *Flores*, leaves and pine straw had accumulated on Omni's steps, an area surrounded by trees, because it was a fall morning. Porter saw the leaves and pine straw in the area, including those on the lower flight of steps, before he fell. There is no evidence that any affirmative action by Omni caused the leaves and pine straw to collect on the steps, and no evidence that Omni had actual knowledge of this condition. Under these circumstances, Porter's knowledge was at least equal to Omni's, and Omni was entitled to summary judgment.

Porter argues that while he may have known that leaves and

---

[3] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997).
[4] 232 Ga. App. 447 (501 SE2d 546) (1998).
[5] 259 Ga. App. 335 (577 SE2d 41) (2003).
[6] *Cleveland*, supra at 448.
[7] Id., citing *Columbus Doctors Hosp. v. Thompson*, 224 Ga. App. 682, 684 (482 SE2d 705) (1997); see also *Fisher v. HBS Mgmt.*, 220 Ga. App. 752, 753 (469 SE2d 885) (1996); *Roby v. Kroger Co.*, 219 Ga. App. 459, 460 (465 SE2d 496) (1995); *Speaks v. Rouse Co.*, 172 Ga. App. 9, 10 (321 SE2d 774) (1984).

pine straw were in the general area, he did not know they were on the step where he fell. Porter cites *McHenry v. Longhorn Steak*,[8] in which a restaurant patron slipped on a peanut shell while standing up from her table, which was on a dimly lit, raised platform. The patron had earlier seen a waitress throw peanut shells from her table onto the floor below the platform. We held that, under these circumstances, the patron did not have reason to suspect that peanut shells also might be on the platform under her table. Here, however, Porter saw leaves and pine straw not only on the lower flight of steps, but also in the general area. Unlike the patron in *McHenry*, Porter had reason to believe that this debris, which fell naturally from trees overhead, would land on all the steps, including the one where he fell.

Porter also claims that he did not know the leaves and pine straw were coated with morning dew, making them especially slippery. But morning dew, like wet leaves after an autumn rain or ice after a snowstorm, is a natural phenomenon that one commonly may expect to encounter outside. There is no evidence that Omni magnified the everyday risks associated with normal morning dew by, for instance, constructing the steps out of inappropriately slippery material.[9]

Next, Porter stresses that Omni failed to present any evidence that it had a reasonable inspection procedure in place. But we rejected this argument in *Cleveland*, holding that the proprietor had no duty to discover and remove naturally fallen leaves.[10] Moreover, even if Omni had a duty to discover and remove leaves and pine straw from the outdoor steps, there is no evidence that it breached that duty. Omni submitted the affidavit of its commercial maintenance supervisor, who stated that he regularly patrolled the grounds for unsafe conditions. Like the incident in *Cleveland*, Porter's fall occurred early on a Monday morning. Because there is no evidence of how long the leaves and pine straw had been on the steps,[11] a trier of fact could not infer that Omni should have discovered them before Porter fell.[12]

---

[8] 253 Ga. App. 833 (560 SE2d 731) (2002).

[9] See *Cohen v. Target Corp.*, 256 Ga. App. 91, 93 (567 SE2d 733) (2002) (proprietor entitled to summary judgment in patron's slip and fall suit where patron, who slipped on concrete ramp on rainy day, failed to show that proprietor negligently constructed or maintained the incline).

[10] 232 Ga. App. at 448.

[11] Porter's testimony that leaves and pine straw had been on the stairs one week before his fall does not establish how long the particular tree debris on which he slipped had been there, because leaves and pine straw fall from trees at regular intervals.

[12] See *Cleveland*, supra at 449.

2. Porter contends that Omni's failure to provide handrails on the steps violated standards promulgated by the American National Standards Institute (ANSI). But Porter has merely quoted what he claims is the relevant standard in his brief. "Such a quotation is not evidence, nor is such a rule or regulation a matter of which a court may take judicial notice, when properly requested to do so."[13] Not only has Porter failed to place the ANSI standard into evidence, he also has failed to show, through expert testimony or otherwise, that it applied to the staircases in question.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 27, 2003.

*Edwards & Youmas, Lonzy F. Edwards*, for appellant.
*Temple, Strickland, Dinges & Schwartz, William A. Dinges*, for appellee.

---

[13] (Citations omitted.) *Joel Properties v. Reed*, 203 Ga. App. 257, 258 (1) (416 SE2d 570) (1992) (physical precedent only).