**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 2, 2012**

# In the Court of Appeals of Georgia

A12A0755. KOUCHE v. FARR et al.

BARNES, Presiding Judge.

In this case involving an action for personal injury, Janis Kouche appeals from the order of the trial court granting summary judgment to Stephen P. Farr and Pamela A. Farr. Kouche contends that the Farrs were not entitled to summary judgment because, among other things, the issues as to superior knowledge, ordinary care, and negligence should be decided by a jury. Following our review, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Punctuation and footnote omitted.) *Jones v. Murphy*, 306 Ga. App. 539 (703 SE2d 26) (2010). If no issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is proper. OCGA § 9-11-56 (c).

Viewed in that light, the evidence shows that on January 8, 2010, Kouche went to the Farrs' home to pick up Mrs. Farr to take her to Kouche's home for a retreat with some of their friends. The driveway of the Farrs' home was covered with ice and snow, and Mr. Farr could not drive either of the couple's vehicles out of the driveway. They had contacted Kouche and, after telling her about the icy driveway, she agreed to pick up Mrs. Farr. Kouche parked at the top of the Farrs' driveway, walked down stairs located to the left of the driveway, and then walked across the driveway to get to the house. In her deposition testimony, Kouche recalled that it was very slippery and that she was "very cautious" when she was walking on the driveway. After reaching the house, Kouche crossed over the same area of the driveway and carried Mrs. Farr's things to her car, returned back to the house to get Mrs. Farr and her remaining items, and navigated the same path across the icy driveway to her car for the fourth time.

Kouche offered to get some items for Mr. Farr before going home, and after going to the grocery store, the two women drove back to the Farrs' home. Kouche

2

parked her car at the top of the Farrs' driveway, and Mrs. Farr got out of the car to take the groceries inside. After some time, Kouche looked to see what was taking Mrs. Farr so long, and saw that the woman was "sliding on the driveway," that her "legs were trying to spread" apart, and that Mrs. Farr was stuck in the snow and ice and could not move. Kouche left her car to help Mrs. Farr because she believed that her friend was "going to fall." Kouche testified that she was cautious when she got out of her car because of the ice, and that Mrs. Farr "was bent almost in half trying to get a balance on the ice and there was no balance." Kouche said that as she approached her friend, Mrs. Farr reached for her, and although she tried to plant her feet, she could not get any traction, and both women fell. Kouche suffered a broken wrist.

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1; *Jackson v. Waffle House*, 245 Ga. App. 371, 373 (1) (537 SE2d 188) (2000). But, "[a]n owner or occupier is not an insurer of an invitee's safety. The law requires only such diligence toward making the premises safe as the ordinarily prudent person in such matters is

3

accustomed to use." (Punctuation and footnotes omitted.) *Hamblin v. City of Albany*, 272 Ga. App. 246, 248 (612 SE2d 69) (2005).

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

*Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997). "[I]t is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which he observes and avoids." (Emphasis in original.) *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (2) (288 SE2d 846) (1982). In slip and fall cases involving where the accumulation of substances such water or ice "on a premises is naturally occurring and not attributable to any affirmative action on the proprietor's part, the proprietor has no affirmative duty to discover and remove it in the absence of evidence that it had become an obvious hazard by means other than natural accumulation."(Citations and punctuation omitted) *Cleveland v. Snowdrop Properties*, 232 Ga. App. 447, 448 (501 SE2d 546) (1998).

Here, the undisputed evidence establishes that Kouche's knowledge of the icy conditions in the Farrs' driveway at the time of the incident was at least equal, if not superior to that of the Farrs. Kouche was aware of the wintery conditions, and that the Farrs' driveway was so covered with ice that the couple could not navigate their cars out of the area. She walked across the driveway four times and acknowledged that she navigated the driveway cautiously each time she approached the Farrs' home because the area was extremely slippery.

Further, when she was injured, Kouche was going to the aid of Mrs. Farr, who was stuck on the ice. Kouche observed her friend sliding on the ice, and it was obvious that to assist her friend she would have to navigate the same icy area. Kouche's equal knowledge of the perilous icy conditions bars her recovery. See *Elder v. Care-More*, 224 Ga. App. 712, 713 (481 SE2d 870) (1997) (plaintiff knew about wintry conditions and had observed snow on defendant's pavement); *Columbus Doctors Hosp. v. Thompson*, 224 Ga. App. 682, 683-684 (482 SE2d 705) (1997) (plaintiff's equal knowledge of invisible ice hazard following snow storm warranted summary judgment). Compare *Wallace v. Nissan of Union City Inc.,* 240 Ga. App. 658, 660 (1) (524 SE2d 542) (1999) (no evidence that plaintiff knew about the ice on which he slipped).

In this case, "the evidence presented plainly, palpably, and indisputably leads to the conclusion that [Kouche] had actual or constructive knowledge of the presence of icy conditions before she left her car to traverse the [Farrs'] [driveway.]" *Gilliam v. Fletcher Bright Co.*, 244 Ga. App. 315, 316 (1) (535 SE2d 325) (2000). Therefore, the trial court did not err in granting summary judgment to the Farrs.

*Judgment affirmed. Adams and McFadden, JJ., concur.*