## A05A0785. GILLIS v. FOODONICS INTERNATIONAL, INC. et al.

(615 SE2d 854)

PHIPPS, Judge.

On October 1, 1998, Linda Gillis was working as an independent contractor at a chicken farm, where she and a work crew employed by her were vaccinating chickens housed on the second floor of one of the farm buildings. Having completed their work at almost dark, Gillis and her crew exited the chicken house and began descending an outside stairway. Several of the crew members ahead of Gillis slipped and fell down the stairs. Seconds later, Gillis also slipped and fell down the stairs.

Seeking damages for injuries sustained in her fall, Gillis sued Foodonics International, Inc. and United Egg Marketing Corporation (hereinafter collectively "Foodonics"), alleging that they owned or operated the chicken house and that she was under contract with them to vaccinate the chickens therein. Foodonics moved for summary judgment. After a hearing, the trial court granted Foodonics summary judgment. Gillis appeals. We affirm because Gillis has failed to demonstrate that the trial court erred.

This court reviews a grant of summary judgment de novo to determine whether the trial court properly found that no genuine issues of material fact existed and that the movant was entitled to judgment as a matter of law.[1]

In her deposition, Gillis testified that, prior to the date of her fall, she had been working at that location periodically for about three years; that she had been on that outside stairway at least twenty-five times; that on the day of the incident, it had rained before she and her crew exited the chicken house; that while they were descending the stairway, the steps were wet from the rain and therefore slippery; and that chicken fertilizer and other chicken byproducts carried on the bottoms of workers' shoes had made the steps even more slippery. Gillis recalled that despite her cautioning her crew members about the hazardous condition of the steps, she and several of them had slipped and fallen. Gillis deposed that prior to the day of her slip and fall, she had notified Foodonics's supervising personnel that the steps were dangerously slippery when wet. She testified that on the day of the incident, before her fall, she had reported the dangerous condition of the steps to them.

1. Generally, "[t]o prevail in a slip and fall case, a plaintiff must show (1) that the defendant[s] had actual or constructive knowledge of the hazard, and (2) that the plaintiff lacked knowledge of the hazard, despite the exercise of ordinary care, due to actions or

---

[1] *Porter v. Omni Hotels*, 260 Ga. App. 24 (579 SE2d 68) (2003).

conditions within the defendant[s'] control."[2] Gillis's own testimony shows that her knowledge of the slippery condition of the steps was at least equal to that of Foodonics. Thus, Gillis cannot establish that Foodonics is liable under the general rule.[3]

2. However, Gillis argues that the general rule is not dispositive here because she had "no choice" but to pursue the perilous course and because she was exercising due caution. There is evidence that she was gripping the handrailing and warning her crew at the time of her fall. Gillis cites a line of cases represented by *Bass Custom Landscapes v. Cunard*,[4] *Styles v. Mobil Oil Corp.*,[5] and *Kitchens v. Winter Co. Builders*,[6] where the plaintiffs did not suffer summary judgment despite the fact that they knew about the respective hazardous conditions. In those cases, the plaintiffs complained to the defendants about certain dangers on the premises, but nonetheless exposed themselves to the cited dangers in order to fulfill their employment requirements. This court found that the dispositive question was whether the plaintiffs had exercised a free choice unrestricted by coercion; that is, whether the plaintiffs were barred from recovery because they had assumed the risks of the dangers. In those cases, there was evidence creating material issues of fact as to that question. Accordingly, the plaintiffs avoided summary judgment.

In this case, Foodonics counters Gillis's claim that she had no choice but to descend the outside stairway by pointing to undisputed evidence that Gillis knew at the time that there was another, dry stairway *inside* the building and that it also led to the chicken house. Gillis argues that the inside stairway provided no alternative for her because the work equipment could not be hauled using that stairway.

In support of that argument, Gillis cites her deposition testimony concerning the location and nature of those stairs:

You couldn't carry your equipment because you still had to climb stairs. I mean, you had to go up stairs and then back around; and then, you know, there were — instead of going straight up at an angle like this, you would have to go up and then back around this way and then back up that way to go to the upstairs.

---

[2] *Porter*, supra at 24-25.
[3] See id. at 25 (1).
[4] 258 Ga. App. 617, 619-620 (1) (575 SE2d 17) (2002).
[5] 218 Ga. App. 48, 48-49 (1) (459 SE2d 578) (1995).
[6] 161 Ga. App. 701, 703 (1) (289 SE2d 807) (1982).

Even assuming that this testimony shows that Gillis was without a choice *when hauling equipment to the chicken house*, Gillis deposed that, at the time of the incident, neither she nor the other crew members who fell were carrying any equipment. This undisputed evidence shows that the need to carry equipment could not have precluded Gillis from taking the inside, dry stairway at the time of the incident. Thus, even under the analysis urged by Gillis, she has failed to cite evidence creating a genuine issue of material fact.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 20, 2005.

*Fred R. Kopp*, for appellant.
*Vanice H. Sikes, Jr.*, for appellees.